In re Roberta I. WILLEY, f/k/a Roberta I. McCawley, Debtor.

Bankruptcy No. 80 B 01937 C.

United States Bankruptcy Court, D. Colorado.

Sept. 24, 1980.

Daniel W. Dean, Fort Collins, Colo., for Peter J. Calabrese and Opal M. Calabrese.

Joseph S. Payne, Estes Park, Colo., for debtor.

Paul Salas, Greeley, Colo., Trustee.

## MEMORANDUM OPINION AND ORDER

JOHN P. MOORE, Bankruptcy Judge.

The matter before the Court is a motion brought by Chapter 7 creditors asking that attorney's fees and costs be assessed in their favor against debtor's counsel or the estate. The request is based upon the failure of debtor's attorney to appear at the meeting of creditors scheduled pursuant to 11 U.S.C. § 341. It is alleged this failure to appear will force the creditors' attorney to make additional appearances entitling him to higher fees. Creditors' counsel has recited to the Court a litany of postponements, evasions, and cancellations of appointments perpetrated by debtor's counsel, culminating in the apparently deliberate failure to appear which underlies this motion. However, no statute or rule is cited in support of the request. Instead, the creditors rely solely on the Court's "inherent power to control its officers". As tempting as the suggestion seems, the Court does not believe that its inherent power alone can extend to provide the relief requested in this situation.

The "American Rule" prevailing in federal courts is that "absent statute or enforceable contract, litigants pay their

own attorneys' fees". *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Congress has enacted a multitude of statutes allowing awards of attorneys' fees in specific cases. Indeed, there are sections of the Bankruptcy Code which call for assessments of attorneys' fees in certain narrowly defined situations.[1] But there is no section of the Code that could be construed to allow fees in the matter now before the Court.

 Certain judicial exceptions to the "American Rule" have been fashioned by the federal courts, but again, none of these apply to the case at hand. Historically, courts of equity may allow fees to a party recovering a fund for the benefit of others. *Alyeska Pipeline v. Wilderness, supra*, 95 S.Ct. at 1621. A court may award attorneys' fees when a losing *party* has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co., Inc. v. United States for the Use of Industrial Lumber Co., Inc.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). However, the debtor here has committed none of these offenses, so that this exception is also inapplicable.

A third exception allows courts to assess attorneys' fees "in a civil contempt action occasioned by willful disobedience of a court order . . . as part of a fine to be levied on the defendant . . .". *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923). This type of attorney fee award is made as part of a contempt fine, which is levied to vindicate the offended dignity of the court. Such an assessment would be inappropriate here because accusations of contempt have been leveled neither at debtor nor at her counsel.

Moreover, in a "pilot district" such as the District of Colorado, where the administrative task of holding a creditors' meeting has been completely divorced from the judicial domain, the court is expressly forbidden from even attending a creditors' meeting;[2] therefore, it cannot be said that an attorney's failure to appear at the meeting affronts the dignity of the court. Accordingly, because I find neither statutory authority, nor any other basis for the relief prayed for, it must be

ORDERED that the motion of Peter J. Calabrese and Opal M. Calabrese for assessment of attorney's fees be and it is hereby denied.

---

1. For example, 11 U.S.C. § 523(d), which allows a debtor fees expended in controverting an objection to dischargeability of a consumer debt, if the debt is discharged; and 11 U.S.C. § 303(i), under which the court may grant fees when an involuntary petition is dismissed.

2. 11 U.S.C. § 341(c).