**In re Joe SILVER, d/b/a Joe Silver Investments, Debtor.**

Civ. A. No. 84–Z–963.
Bankruptcy No. 83 B 4317 G.

United States District Court,
D. Colorado.

Feb. 21, 1985.

Joe Silver, Denver, Colo., pro se.

Kenneth S. Canfield, A. Bruce Campbell, Denver, Colo., for John and Beverly Soneff.

### ORDER AFFIRMING BANKRUPTCY COURT

WEINSHIENK, District Judge.

This matter is before the Court for review of orders awarding attorney's fees entered by the United States Bankruptcy Court for the District of Colorado. On appeal, appellant alleges that the bankruptcy court lacked jurisdiction to award attor-

ney's fees. If jurisdiction did exist, appellant alleges that the bankruptcy court committed error in awarding fees in this case. Finally, appellant contends that excessive fees were granted. The Court has reviewed the case file, the parties' briefs, the record on appeal and applicable statutory and case law, and is now prepared to rule.

A brief review of the facts is helpful in reviewing the bankruptcy judge's decision to award attorney's fees. In November, 1982, the Soneffs, creditors, obtained a judgment against Mr. Silver in Denver District Court. While the Soneffs proceeded with collection activities by scheduling sheriff's sales of some of appellant's properties, appellant sought to stay execution of the judgment pending appeal. These requests to stay were denied by the Denver District Court, as were requests to post property as security in lieu of a surety bond. Immediately prior to the first sheriff's sale Mr. Silver filed a petition under Chapter 11. The Soneffs then moved to dismiss the petition. Similarly, the United States Trustee's Office moved to dismiss the petition for Mr. Silver's failure to file schedules of his affairs as required by law. Shortly before a hearing on the motions Mr. Silver confessed the motions and the Court ordered the case dismissed.

On the day the bankruptcy proceeding was dismissed, January 26, 1984, the creditors filed a Motion for Attorney's Fees alleging that Mr. Silver had abused the integrity of the bankruptcy court. On January 31, 1984, the bankruptcy judge, *sua sponte*, ordered that the case be reopened for the purpose of conducting a hearing on the Motion. After conducting a lengthy hearing on the Motion, the court issued its Order. The bankruptcy judge stated:

> The question in this case is whether the filing of the bankruptcy, by the Debtor, the alleged Debtor in this matter, which has since been dismissed, was an abuse of the bankruptcy proceedings, and was, in essence, a filing that constitutes an act in bad faith or vexatiously,

wantonly, or for inappropriate and oppressive reasons. And I find in this case, that the filing of bankruptcy by Mr. Silver was indeed for—it was indeed in bad faith and for inappropriate reason.

Citing *In Re Willey,* 6 B.R. 235 (Bankr. Colo.1980),[1] the bankruptcy judge determined that he possessed inherent authority to determine whether attorney's fees should be awarded where the proceedings in bankruptcy were abused, and thus granted creditors' Motion and awarded attorney's fees and costs of $15,030.13.

▮▮▮ Appellant's contention that, pursuant to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the bankruptcy court lacked jurisdiction to award fees is without merit. In a recent opinion, *Matter of Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1285 (10th Cir. 1984), the Tenth Circuit Court of Appeals described the *Marathon* holding as "quite limited." Quoting from the Chief Justice's dissent, the Court stated:

> It pertains only to the proposition that a "traditional state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an Article III court if it is to be heard by any court or agency of the United States."

(Cite omitted.)

The Court finds that the determination of whether fees should be awarded, albeit collateral to the issue of whether appellant properly filed his petition, is not a related proceeding within the meaning of *Marathon.* While it may have been preferable to cite specific statutory provisions to support its determination, *see generally* 28 U.S.C. § 1927 and Bankruptcy Rule 9011, the bankruptcy judge was not without authority to award fees. A holding to the contrary would ignore the bankruptcy court's inherent authority to assess attor-

---

**1.** In that case, now District Court Judge Moore noted certain judicial exceptions to the "American Rule" of awarding attorneys' fees. One of those exceptions, upon which the bankruptcy judge relied, is that "a court may award attorneys' fees when a losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *id.* at 236.

ney's fees and expenses against those who willfully abuse the judicial process. *See In Re Perez*, 43 B.R. 530 (Bankr.S.D.Tex. 1984). Especially in these days where the number of proceedings in the federal courts continues to rise, the Court concludes that sanctions such as those imposed in this matter are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process.[2]

■ The remaining issues are whether the bankruptcy court erred in awarding fees and whether the fees awarded were excessive. Of course, on appeal, the district court may affirm, modify, or reverse the order of the bankruptcy judge or remand for further proceedings. The Court will not set aside the bankruptcy judge's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Matter of Stanley Hotel, Inc.*, 15 B.R. 660, 662 (Bankr.Colo.1981), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). However, the reviewing court may question the bankruptcy judge's determination of the applicable law, and the legal conclusions the judge drew from his findings. *In re White House Decorating Co.*, 607 F.2d 907 (10th Cir.1979).

■ The evidence and the undisputed facts in this case manifestly support the determination of the Bankruptcy Court. The Court agrees with the bankruptcy judge that Mr. Silver's conduct in these proceedings supports a finding of bad faith. Similarly, the Court finds that the bankruptcy judge carefully and adequately considered the appropriateness of attorney's fees requested. The bankruptcy judge concluded that the actions taken by the creditors were proper, reasonable and

necessary, and were not duplicative. Ruling By The Court, March 9, 1984, Reporter's Transcript p. 74. This Court agrees and finds no error. Accordingly, it is

ORDERED that the awards of attorneys' fees dated March 9, 1984, and July 20, 1984, are affirmed. It is

FURTHER ORDERED that the appeal and cause of action are dismissed, the parties to pay their own costs.

---

2. As appellant correctly points out, the Court's conclusion on this point necessarily determines the question of whether the bankruptcy court also had the authority to award additional attorney's fees relating to contempt proceedings for appellant's failure to comply with the bankrupt-

cy judge's initial Order that appellant pay the attorney's fees into the court registry. For the same reasons stated above, the Court holds that the bankruptcy judge also had the authority to award these fees and that these fees are reasonable.