MAGILL, Circuit Judge.
 

 Attorney Robert J. Brown and his law firm, R.J. Brown, P.A., attorneys for the debtors in this case, Arkansas Communities, Inc. and International Land Corporation, appeal from the district court
 
 [1]
 
 order affirming the bankruptcy court’s imposition of sanctions against them. For the following reasons, we affirm.
 

 
 *1220
 
 1. BACKGROUND.
 

 In 1980, the debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Brown and his law firm (“appellants”) were subsequently appointed as counsel for the debtors.
 

 In May of 1983, the bankruptcy court appointed attorney Maurice Mitchell, the appellee in this case, as the debtors’ trustee. By order dated May 31,1983, the court authorized Mitchell’s law firm to serve as counsel for Mitchell in his capacity as trustee.
 

 On July 10, 1985, after two years of bankruptcy court adversarial proceedings between the parties, wherein the appellants repeatedly objected to the appointment and compensation of the trustee and his law firm, the bankruptcy court, upon the trustee’s motion, entered an order imposing sanctions upon the appellants in the amount of $16,033.10. This amount represented the fees and expenses incurred by the trustee’s law firm in defending several of the appellants’ motions. The court determined that these motions were frivolous, made in bad faith, and had, for the most part, been previously ruled on adversely to the appellants’ position. The court thus imposed sanctions, expressly basing its authority to do so upon 28 U.S.C. § 1927, which provides:
 

 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.
 

 On appeal to the district court, the appellants’ main contention was that the bankruptcy court did not have jurisdiction under 28 U.S.C. § 1927 to impose sanctions. Relying on
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and
 
 In re Richardson,
 
 52 B.R. 527 (Bankr.W.D.Mo.1985), the appellants argued that only Article III courts are courts of the United States within the meaning of section 1927,
 
 see
 
 28 U.S.C. § 451, and thus that only these courts have authority to impose sanctions under section 1927. The appellants also contended that the trustee lacked standing to request sanctions and that the bankruptcy court’s findings of fact were clearly erroneous.
 

 The district court rejected all of the appellants’ contentions, and thus affirmed the bankruptcy court’s imposition of sanctions. With respect to the jurisdictional challenge, the district court first noted that the bankruptcy court based its jurisdiction to impose sanctions against appellants on 28 U.S.C. § 1927, and Bankruptcy Rule 9011,
 
 [2]
 
 which provides in relevant part:
 

 Every petition, pleading, motion and other paper served or filed in a case under the [Bankruptcy] Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. * * * The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. * * * If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction,
 
 *1221
 
 which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney’s fee.
 

 The district court then determined that Marathon’s holdings did not apply to the instant situation because the claims and issues involved here were “matters concerning the administration of the estate,” 28 U.S.C. § 157(b)(2)(A), and were thus “core proceedings,”
 
 id.
 
 § 157(b)(2), for which bankruptcy courts clearly have jurisdiction. The court further determined that
 
 Richardson
 
 was distinguishable from the present case because in that case, the litigants were “strangers to the estate” and their claims did not concern administration or distribution of the estate. Moreover, the district court expressed its agreement with
 
 In re Silver,
 
 46 B.R. 772 (D.Colo.1985), where the court held that bankruptcy courts have authority to award attorney’s fees and that “[a] holding to the contrary would ignore the bankruptcy court’s inherent authority to assess attorney’s fees and expenses against those who willfully abuse the judicial process.”
 
 Id.
 
 at 773.
 

 The appellants’ next argument was that the trustee lacked standing to request an award of attorney’s fees because the trustee was appointed after confirmation of a plan of reorganization in violation of 11 U.S.C. § 1104. Alternatively, the appellants argued that the trustee lacked standing because he was not a “disinterested person.”
 

 With respect to the latter argument, the district court held that this claim was barred by the doctrine of
 
 res judicata
 
 because the bankruptcy court had repeatedly ruled on the trustee’s qualifications. With respect to the former contention, the district court agreed that the trustee’s appointment was technically in violation of 11 U.S.C. § 1104. Nevertheless, the court determined that this would not affect the sanctions imposed by the bankruptcy court because the court could have, under Bankruptcy Rule 9011, assessed attorney’s fees “on its own initiative.” Having examined the record, the district court found it clear that the appellants’ conduct violated Rule 9011, and the court reasoned that it must have been just as clear to the bankruptcy court.
 

 Finally, after examining the record, the district court held that the bankruptcy court’s findings of fact were not clearly erroneous. This appeal followed.
 

 II. DISCUSSION.
 

 Appellants raise the same arguments here as they raised before the district court. In addressing these contentions, this court reviews the bankruptcy court’s legal conclusions
 
 de novo
 
 and its findings of fact under the clearly erroneous standard.
 
 In re Martin,
 
 761 F.2d 472, 474 (8th Cir.1985).
 

 First, with respect to the appellants’ challenge to the bankruptcy court’s jurisdiction to impose sanctions, we agree with the district court that the bankruptcy court has this authority. Our holding, however, is narrower than that of the district court.
 

 Although federal courts have upheld a bankruptcy court’s imposition of sanctions under 28 U.S.C. § 1927 without discussion of the bankruptcy court’s jurisdiction,
 
 see, e.g., In re TCI, Ltd.,
 
 769 F.2d 441 (7th Cir.1985), we agree with the appellants that it is questionable whether a bankruptcy court falls within the definition of “courts of the United States” for purposes of imposing sanctions against attorneys under this section.
 
 See also Richardson,
 
 52 B.R. at 531 (analyzing the question in detail and concluding that bankruptcy courts do not have jurisdiction under section 1927 to impose sanctions).
 

 Nevertheless, this court is not aware of a single case holding that a bankruptcy court does not have jurisdiction under Bankruptcy Rule 9011 to award attorney’s fees as sanctions. Like the district court here and the federal district court for the District of Colorado in
 
 In re Silver,
 
 46 B.R. at 773, we do not believe that
 
 Marathon
 
 mandates a different result. Furthermore, we believe that to not allow a bankruptcy court to impose attorney’s fees as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between
 
 *1222
 
 the court systems. As best expressed by the court in
 
 In re Silver,
 
 46 B.R. at 774:
 

 Especially in these days where the number of proceedings in the federal courts continues to rise, the Court concludes that sanctions such as those imposed in this matter are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process. [Footnote omitted.]
 

 Accordingly, we hold that a bankruptcy court has jurisdiction under Bankruptcy Rule 9011 to assess attorney’s fees as sanctions against attorneys who fail to comply with the rule. Our holding is more limited than that of the district court, in that we do not address whether the bankruptcy court similarly has jurisdiction under 28 U.S.C. § 1927. Nevertheless, after examining the record, we agree with the district court that the appellants’ conduct violated Rule 9011, and that the bankruptcy court could have properly assessed attorney’s fees under the rule.
 
 See Schweiker v. Hogan,
 
 457 U.S. 569, 585 n. 24, 102 S.Ct. 2597, 2607 n. 24, 73 L.Ed.2d 227 (1982) (appellate court may affirm district court judgment on any basis having support in the record);
 
 accord, Moore v. Warwick Public School District No. 29,
 
 794 F.2d 322, 328 (8th Cir.1986).
 

 Appellants’ other two contentions— that the trustee lacked standing and that the bankruptcy court’s findings of fact were clearly erroneous — were fully addressed by the district court. After examining the applicable law and the record, we agree with the district court’s analysis and conclusions on both points.
 

 III. CONCLUSION.
 

 For the reasons outlined above, we hold that the bankruptcy court had jurisdiction under Bankruptcy Rule 9011 to assess attorney’s fees against the appellants, and that the relevant law and the record supports the bankruptcy court’s imposition of these sanctions. Accordingly, we affirm the decisions of the bankruptcy and district courts.
 

 [1]
 

 . The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.
 

 [2]
 

 . Although the district court interpreted the bankruptcy court’s decision as also relying on Rule 9011, as did the parties as indicated by their briefs, there is no express indication in the bankruptcy court's order that it relied on this rule as an additional basis for its decision. Whether the bankruptcy court actually so ruled, however, is an issue that does not affect the outcome of our decision.