831 F.2d 788
 9 Fed.R.Serv.3d 557
 Robert and Jeanne BURULL, Appellees,
v.
FIRST NATIONAL BANK OF MINNEAPOLIS, a national banking
association, and Arthur Young & Company, a
Delaware corporation, Appellants.
Barbara and Stephen ADAMS,
v.
Robert and Jeanne BURULL.
Barbara and Stephen ADAMS,
v.
FIRST NATIONAL BANK OF MINNEAPOLIS.
 Nos. 87-5073, 87-5074.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1987.
Decided Oct. 21, 1987.
 
 John Matson, New York City, for Arthur Young.
 Roger J. Magnuson, Minneapolis, Minn., for First Bank.
 Robert S. Abdalian, New Orleans, La., for appellees.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This lawsuit returns to this Court on defendants' appeal from the District Court's[1] order denying their post-judgment motion for sanctions against plaintiffs under Fed.R.Civ.P. 11, 28 U.S.C. Sec. 1927, and the court's inherent power.
 
 
 2
 The odyssey of litigation in this case began in 1983, after the First National Bank of Minneapolis (the Bank) called a substantial loan to United States Satellite Systems (USSS), following an unfavorable audit of USSS by Arthur Young & Company. Plaintiffs Robert and Jeanne Burull, the founders of USSS, filed a bankruptcy petition to protect the company's assets, and the Bank responded by foreclosing on the Burulls' stock in the company. At the ensuing foreclosure sale, the Burulls' stock, amounting to 50 per cent. of the voting shares, was purchased by Barbara Adams, who already owned the other half of the stock in USSS.
 
 
 3
 The Burulls felt cheated, and they filed this lawsuit against Arthur Young, the Bank, and Adams.[2] While the final version of their complaint raised twenty-three claims for relief under federal securities statutes and the commercial common law, each claim articulated some aspect of the Burulls' central contention that defendants had collaborated unlawfully to maneuver the Burulls out of their stock. After defeating defendants' motions for summary judgment and for a directed verdict, the Burulls lost their case before the jury.[3] The successful defendants Arthur Young and First Bank then moved the District Court for attorneys' fees as sanctions under Rule 11, Sec. 1927, and the court's inherent power. The District Court denied the motion, and we affirm.
 
 
 4
 The Burulls' lawsuit, taken as a whole, was legally and factually substantial enough to reach a jury. Arthur Young argues, however, that it is entitled to Rule 11 sanctions because the Burulls' complaint contained several counts which were meritless as a matter of law,[4] and one count which would prove factually groundless.[5] The thrust of Arthur Young's appeal is that the District Court could not, as a matter of law, decline to impose sanctions once it had established that the Burulls had filed a pleading which incorporated frivolous grounds for relief.
 
 
 5
 We are not persuaded by Arthur Young's reductionist approach to Rule 11. Rule 11 directs sanctions "only when the 'pleading, motion or other paper' itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1540 (9th Cir.1986). By definition, every unsuccessful complaint, at some level of analysis, contains either a flawed argument or an unsupported allegation. Whether meritless elements of a complaint combine to render the pleading frivolous as a whole is a "matter for the court to determine, and this determination involves matters of judgment and degree." O'Connell v. Champion International Corp., 812 F.2d 393, 395 (8th Cir.1987).
 
 
 6
 While the court found that the Burulls' meritless claims, viewed in isolation, would be the appropriate subject of a sanction, it also found that their inclusion had no appreciable effect on the litigation of the Burulls' otherwise nonfrivolous lawsuit.[6] We see no reason to disturb the District Court's judgment here.
 
 
 7
 The Bank argues that the District Court was bound to award Rule 11 sanctions against the Burulls for having filed a false bankruptcy petition prior to this litigation. Although the bankruptcy of USSS certainly forms part of the background of this dispute, the Burulls' petition is not "a pleading, motion, or other paper" submitted as part of this lawsuit. See Adduono v. World Hockey Ass'n, 824 F.2d 617 (8th Cir.1987). The District Court was within its discretion in denying the Bank's motion. The Bankruptcy Court has power to deal with this infraction. See Arkansas Communities, Inc. v. Mitchell, 827 F.2d 1219 (8th Cir.1987).
 
 
 8
 Arthur Young and the Bank also argue that sanctions are warranted under Sec. 1927. They point to the District Court's repeated expressions of frustration with the trial tactics and techniques of the Burulls' counsel, and argue that the court incorrectly applied a subjective test of counsel's bad faith, overlooking her objectively vexatious conduct. We disagree. The District Court applied the correct standard when it could not "conclude with certainty that the Burulls or [their trial counsel] acted vexatiously or in bad faith." (Order p. 13, emphasis added.) In any event, sanctions under Sec. 1927, unlike those under Rule 11, are discretionary, not mandatory. Over the last three years the District Court has become all too familiar with this grueling litigation, and we have no reason to interfere with its judgment that sanctions are inappropriate here. Nor do we see any abuse of discretion in the denial of sanctions under the court's inherent power. The order of the District Court is accordingly
 
 
 9
 Affirmed.
 
 
 
 [1]
 The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 The Burulls settled with Adams at trial
 
 
 [3]
 We dismissed the Burulls' appeal from the judgment in Burull v. First National Bank of Minneapolis, 817 F.2d 56 (8th Cir.1987)
 
 
 [4]
 These counts claimed relief under Secs. 12(2) and 17(a) of the 1933 Securities Act, provisions which were clearly inapplicable to this litigation
 
 
 [5]
 This count alleged that Arthur Young violated Sec. 10(b) of the 1934 Securities Exchange Act by conspiring with the other defendants from the outset to defraud the Burulls. At trial, plaintiffs' counsel stipulated that she had no evidence of Arthur Young's involvement until after the alleged conspiracy could have commenced
 
 
 [6]
 The Burulls' claims based on Secs. 12(2) and 17(a) were dismissed by the District Court on its own motion, only a week after plaintiffs filed their pleading. Defendants were never called on to address these claims in any pleading or brief. Similarly, the frivolousness of the allegation that Arthur Young had participated from the outset in a violation of Sec. 10(b) did not release Arthur Young from defending the Burulls' alternative claim that Arthur Young had aided and abetted co-defendant's alleged fraudulent scheme in violation of Sec. 10(b)