**In the Matter of Scott T. WALTON, Alison G. Walton, Debtor.**

**Bankruptcy No. 3-88-00747.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 27, 1988.

Christopher M. Hawk, Dayton, Ohio.

Herbert Ernst, Trustee, Dayton, Ohio.

Al Barkin, U.S. Trustee's Office, Columbus, Ohio.

Patrick Quinn, Asst. U.S. Atty., Dayton, Ohio.

D. Jeffrey Ireland, Dayton, Ohio.

Ronald J. Ofenkrantz, New York City.

John J. Dilenschneider, Columbus, Ohio.

Edward H. Siddens, Dayton, Ohio.

Lawrence S. Walter, Dayton, Ohio.

Robert E. Portune, of counsel, Dayton, Ohio.

Ronald S. Pretekin (Holly Wilson), Dayton, Ohio.

Dennis L. Bailey, Dayton, Ohio.

William D. Forbes, Miamisburg, Ohio.

John Ducker, Dayton, Ohio.

Ted Jenks, Dayton, Ohio.

Jodi Bevevino, Dayton, Ohio.

Peter Donahue, Dayton, Ohio.

DECISION ON ORDER DETERMINING TRUSTEE'S MOTIONS TO ASSUME LAND CONTRACTS TO BE CORE PROCEEDINGS

THOMAS F. WALDRON, Bankruptcy Judge.

## PROCEDURAL AND FACTUAL BACKGROUND

Scott T. Walton and Alison G. Walton are debtors in a voluntary Chapter 7 Bankruptcy Case in the United States District Court for the Southern District of Ohio, Western Division at Dayton under Case No. 3–88–00747. Herbert Ernst, Jr. is the Chapter 7 Trustee in this bankruptcy case. Merrill E. Smith and Alice Smith, are the parents of the debtor Alison G. Walton.

On September 12, 1988, counsel for Merrill E. Smith and Alice E. Smith filed a Motion For Determination Of Core Or Non–Core Under 28 U.S.C. § 157 And Memorandum Re: 28 U.S.C. § 1334 (Doc. 134). The issues with regard to that portion of this Motion (Doc. 134) discussing 28 U.S.C. § 1334 (abstention) are set forth in a separately filed report and recommendation to the District Court. The issues with regard to core or non-core determinations are not the subject of a report and recommendation to the District Court; but rather, are determined by the Bankruptcy Judge who enters a Final Order. (28 U.S.C. § 157(b)(3)) The motion (Doc. 134) seeking a non-core determination states, in part,

> Merrill E. Smith and Alice Smith, objectors to the Trustee's Notice Of Intent to Sell the Vendees interest in two land installment contracts and to the Trustee's Motion to Assume these same two land installment contracts did on August 31st file a Motion for abstention and asserted in that Motion that the questions raised by the Trustee's Notice of Intent were non-core matters as such are defined by 28 USC § 157. In support of that Motion and further specifically by this Motion, Merrill C. Smith and Alice Smith move the Court for a determination of non-core status of their equitable claim to the land installment contract Vendee's rights under the specific contracts described in Trustee's Notice of Intent.

. . . .

The Smiths assert:

(1) The land installment contracts are not property of the estate as the interest of the debtors is excluded under 11 USC § 541(d).

(2) The Trustee has not assumed the contracts in compliance with 11 USC § 365(d)(3) and (4).

(3) The land installment contracts are in fact financing devices similar to those contracts as determined in *In re Johnson* 75 BR 927 (N.D.Ohio 1987).

(4) A sale free and clear as the Trustee proposes is contrary to 11 USC § 363(f).

(5) The Trustee has not complied with Bankruptcy Rule 9014 for contested matters.

These assertions by the Smiths raised, it is believed, significant core issues but none go to the threshold non-core question.

What are the rights of the Smiths to the real estate parcels in Springboro, Warren County, Ohio, and Lakeview, Logan County, Ohio?

The trustee's initial Motions For Extension Of Time To Accept/Reject Executory Land Contracts states that the debtors' schedules list two parcels of real property involving land contracts. The debtor, Alison G. Walton, is listed as the purchaser in each of these land contracts. At the trustee's request (Doc. 22), the court entered an Order Authorizing Extension Of Time For Trustee To Elect To Assume Or Reject Executory Land Contracts (Doc. 23); and, on the same date that the court entered that Order (Doc. 23), counsel for the seller/creditor, Weidner Farms, filed an Objection To The Trustee's Motion For Extension Of Time (Doc. 25). Accordingly, the court vacated its Order (Doc. 23) and set a hearing on the trustee's Motion (Doc. 22) and the Objection To The Trustee's Motion (Doc. 25). Thereafter, an Objection To Motion For Extension Of Time (Doc. 30) was also filed on behalf of the seller/creditors, Goetz. Following the hearing held on the trustee's Motion and these Objections, the

court entered an Order extending the time, until July 18, 1988, for the trustee to file an acceptance or rejection of the two land contracts (Doc. 50).

On July 14, 1988, the trustee filed Trustee's Motion For Approval Of Assumption/Acceptance Of Executory Contract (Land Contract) Concerning Property Located At: 11213 Lake Drive, Lakeview, Ohio 43331 (Lakeview property). This Motion indicated that the purchase price for the real property which is the subject of this land contract is $75,000.00 and that the balance owing on the land contract, as of July 1, 1988, is $58,176.40 and that an appraisal (Doc. 73), filed by the appraiser appointed by the court, reported the value of this property (Lakeview) to be $89,-900.00. The Motion requested that the court approve the Trustee's assumption/acceptance of this land contract.

On July 15, 1988, the trustee filed Trustee's Motion For Approval Of Assumption/Acceptance of Executory Contract (Land Contract) Concerning Property Located At: 5426 Weidner Road, Springboro, Ohio 45005 (the Springboro property). This Motion stated that the purchase price for the real property which is the subject of this land contract is $124,000.00 and that the balance owing, as of June 2, 1988, is $98,867.32 and that an appraisal reported a value of this property (Springboro) to be $125,000.00. The Motion requested, subject to certain conditions, that the court approve the trustee's assumption/acceptance of this land contract.

Thereafter the trustee filed a Notice Of Intent To Sell The Debtors' Interest In The Land Contract Involving The Lakeview Property (Doc. 81) and a Notice Of Intent To Sell The Debtors' Interest In The Land Contract Involving The Springboro Property (Doc. 85). The debtor's parents, Merrill Smith and Alice Smith (the Smiths) filed an Objection to the trustee's intention to sell the Springboro property (Doc. 95) and the Lakeview property (Doc. 96). These Objections each conclude "[t]hat the trustee has no equitable interest in said property and the claim of the trustee should be abandoned". The Smiths also filed a Memorandum Contra To The Trustee's Motion For Approval Of Assumption/Acceptance Of The Executory Contract Involving The Lakeview Property (Doc. 97) and a similar Memorandum Contra concerning the Springboro property (Doc. 98). Thereafter, the Smiths supplemented their Memoranda concerning the trustee's proposed sale (Doc. 102 and Doc. 103). The Trustee filed Responses to the Smith's memoranda (Doc. 114 and Doc. 115).

The Smiths then filed this Motion (Doc. 134) arguing that these proceedings by the trustee are non-core proceedings. This motion is the subject of this decision.

The court, by a separate Order, has scheduled a hearing to determine the issues presented by the trustee's Motion and and various Objections filed. The substantive determination of these issues must await the presentation of evidence and argument by the interested parties. The procedural determination of whether or not these issues are core or non-core proceedings, however, does not require the presentation of further evidence.

### DISCUSSION OF APPLICABLE LAW

It is clear from the multitude of decisions discussing 28 U.S.C. § 157 that determining whether a particular proceeding is a core proceeding or a non-core proceeding requires a thorough review of the underlying claims and issues to determine whether the constitutional concerns expressed in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and reflected in Congress' legislative response, the *Bankruptcy Amendments and Federal Judgeship Act of 1984*, Public Law 98–353, (BAFJA), as they have been further refined in applicable Circuit Court decisions requires the Bankruptcy Judge to enter a final determination of these causes and issues (28 U.S.C. § 157(b)(1)), or submit proposed findings of fact and conclusions of law to the District Court (28 U.S.C. § 157(c)(1)). As this court has previously noted,

As a result of the legislative intent to give the broadest constitutionally permis-

sible definition to core proceedings, evidenced both by congressional statements and the non-exclusive listings in § 157(b)(2), in proceedings where the existence of jurisdiction has been determined, unless it appears that a particular proceeding contains the required characteristics of non-core, the proceeding will be determined a core proceeding. *Matter of Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880 (Bankr.S.D. Ohio 1987);

*See also In re Southern Indus. Banking Corp.*, 809 F.2d 329 (6th Cir.1987), *In re Salem Mortg. Co.*, 783 F.2d 626 (6th Cir. 1986); *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254 (6th Cir.1983); *In re Harbour*, 840 F.2d 1165 (4th Cir.1988), *In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir.1987), *Matter of Wood*, 825 F.2d 90 (5th Cir.1987), *In re Mankin*, 823 F.2d 1296 (9th Cir.1987), *In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir. 1987).

Among the obvious reasons explaining the struggle by various courts to determine whether or not a specific proceeding is a. core or a non-core proceeding is the absence of a definition of a core or a non-core proceeding. Neither *Northern Pipeline* nor BAFJA contain definitions of a core or a non-core proceeding. Both *Northern Pipeline* and BAFJA merely provide examples of core or non-core proceedings. In *Commercial Heat Treating*, 80 B.R. at 888, this court noted,

> An examination of the characteristics necessary for a non-core proceeding will be helpful since the category of non-core proceedings is an extremely limited category and all proceedings which do not contain the required characteristics of non-core will be determined core.
>
> . . . .
>
> A non-core proceeding is identified by the following characteristics—a proceeding filed in the bankruptcy court alleging a cause of action that:
>
> (1) is not *specifically* identified as a core proceeding under § 157(b)(2)(B) through (N),

> (2) existed prior to the filing of the bankruptcy case,
>
> (3) would continue to exist independent of the provisions of Title 11, and,
>
> (4) in which the parties rights, obligations or both are not significantly affected as a result of the filing of the bankruptcy case.

The first characteristic of non-core proceeding is that the proceeding is not specifically identified as a core proceeding under Section 157(b)(2)(B) through (N). If a proceeding can be identified as one of the specific proceedings in the non-exclusive listing of core proceedings contained in 28 U.S.C. § 157(b)(2)(B) through (N) the court's examination of the issue can be concluded and the proceeding determined a core proceeding. In this specific situation, it is uncontested that the debtor, as purchaser, is the only signator to each of the land contracts. The names of the debtor's parents, Merrill and Alice Smith, do not appear on either land contract, nor does the debtor's signature appear in any representative capacity. The trustee's original Motions concerning the assumption of these land contracts and his corresponding intentions to sell the bankruptcy estate's interest in this property are clearly an example of the core proceeding listed in 28 U.S.C. § 157(b)(2)(N)—orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate. If the debtor was not the signed purchaser on these land contracts, but rather it was the debtor asserting the equitable claim, these proceedings would be more difficult to determine to be core proceedings; however, that is not the factual situation presented in this case. The debtor's estate clearly includes all legal and equitable interest of the debtor in property as of the commencement of the case (11 U.S.C. § 541(a), including proceeds of any such property (11 U.S.C. § 541(a)(6). Thus, even the Smiths' claim of an equitable interest pursuant to 11 U.S.C. § 541(d) is premised on the recognition that the legal title held by the debtor causes the property to be property of the estate.

Further, although the Smiths argue that their equitable claims are not significantly affected by the filing of the bankruptcy and the presence of the Chapter 7 Trustee, that argument, while it may or may not be correct with regard to the Smiths, ignores the manner in which the land contracts, which are the subject of this core/non-core determination, are affected by the filing of the bankruptcy petition and the appointment of the Chapter 7 Trustee. Various provisions in these land contracts would have certain legal consequences under applicable non-bankruptcy law; however, the filing of this bankruptcy affects a number of those consequences. Among the more obvious provisions of these land contracts affected by this bankruptcy filing are: Defaults (11 U.S.C. § 365(b)(1)), Insolvency (11 U.S.C. § 365(e)(1)), and Assignment (11 U.S.C. § 365(f)(1)).

The court also determines that the facts and circumstances present in these particular proceedings, necessarily implicate the following provisions of 28 U.S.C. § 157(b)(2) and provide additional support for the determination that these proceedings are core proceedings: (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate; (K) determinations of the validity, extent, or priority of liens; and (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship.

The estate's interest in these land contracts, whatever that interest is determined to be, is an example of the restructuring of debtor/creditor relationships which is at the core of the Federal Bankruptcy power.

In its simplest terms, the debtor in this case, who voluntarily filed a Chapter 7 Bankruptcy, was the sole purchaser of certain parcels of real property pursuant to the terms of two land contracts. When she filed bankruptcy, the Chapter 7 Trustee succeeded to her interests under those contracts. Although there may be a number of parties who have interests in these land contracts, including the trustee, the sellers, certain tax claimants, the parties asserting

legal or equitable liens, it is completely consistent with constitutional concerns, Congressional intention and court decisions that the Bankruptcy Court determine the extent of all of these parties' interests.

Finally, it should be noted that the Smiths' assertions—the land installment contracts are not property of the estate as a result of 11 U.S.C. § 541(d), the trustee did not assume these contracts in compliance with 11 U.S.C. § 365(d)(3), (4), the sale proposed by the trustee is contrary to 11 U.S.C. § 363(f), the trustee has failed to comply with certain Bankruptcy Rules—are directed to the merits of the trustee's and the Smiths' claims concerning these contracts and, if anything, lend greater credence to the court's determination that these proceedings are core proceedings rather than non-core proceedings since these assertions clearly involve issues that concern the administration of this estate (§ 157(b)(2)(A)), orders concerning the sale of property (§ 157(b)(2)(N)), determinations as to the validity, extent or priority of liens (§ 157(b)(2)(K)) and other proceedings effecting the liquidation of the assets of the estate or the adjustment of the debtor/creditor relationship (§ 157(b)(2)(O)).

## CONCLUSION

Accordingly, the court determines that the trustee's Motions to assume and accept these executory contracts (Doc. 79 and 80) and the trustee's Notice of intent to sell the debtors' interest in these land contracts (Doc. 81 and 85) constitute core proceedings and the Motion (Doc. 134) asserting that these proceedings are non-core proceedings is OVERRULED.

An order consistent with this decision is simultaneously entered.

SO ORDERED.