**PREMIUM FINANCING SPECIALISTS, INC., Plaintiff,**

v.

**GREATER NEW YORK MUTUAL INSURANCE COMPANY, Defendant.**

**No. 90–0675–CV–W–6.**

United States District Court, W.D. Missouri, W.D.

April 29, 1991.

---

Slagle, Bernard & Gorman, Kansas City, Mo., for plaintiff.

Robert A. Kumin, Robert A. Kumin, P.C., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, Chief Judge.

On October 22, 1990, this court dismissed plaintiff's cause of action for lack of personal jurisdiction over the defendant. Plaintiff claimed that jurisdiction was founded on the creation of a contract and the commission of a tort within Missouri; however, the facts established that the contract at issue in this case was created in New York and that plaintiff's count for conversion was in reality a claim based on amounts owing under a contract, a set of facts not recognized as conversion by Missouri courts. Plaintiff filed a motion for reconsideration on November 1, 1990, which was denied on February 7, 1991. Presently pending before the court is defendant's motion for sanctions. Defendant maintains that plaintiff had no basis in either fact or law for asserting jurisdiction over defendant, and it is thus entitled to attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 makes sanctions mandatory when an attorney did not make a reasonable inquiry into the facts and law before filing a pleading, paper, or motion, but it is within the district court's judgmental duties to determine whether a violation of the rule has occurred, and to what degree. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987). Rather than judging the attorney's conduct with the benefit of hindsight, the court should

evaluate such actions based upon what was objectively reasonable under the circumstances. *Cruz v. Savage,* 896 F.2d 626, 631 (1st Cir.1990). The court must not judge the attorney's actions too harshly, so as to avoid the risk of chilling zealous advocacy on behalf of clients. *White v. General Motors Corp.,* 908 F.2d 675 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 788, 112 L.Ed.2d 850. Using these standards, therefore, this court must determine whether plaintiff reasonably assured itself that both the contract and conversion counts were well grounded in fact and warranted either by existing law or arguable concepts prior to asserting jurisdiction over defendant and filing the complaint.

■ Plaintiff first attempted to base jurisdiction on the creation of a contract in Missouri, claiming that although defendant signed the contract in New York, acceptance did not occur until plaintiff was notified of this acceptance in Missouri. The court eventually found that the contract was in fact entered into in New York, as it was not a condition of acceptance that plaintiff be notified in Missouri; however, I do not find that plaintiff's theory was patently unreasonable. The face of the contract documents indicates that defendant was to return a copy "acknowledging ... acceptance"; it thus seems plausible that plaintiff's attorney could have argued for a theory that the documents had to be returned before there was a binding contract, particularly in light of the fact that other contracts plaintiff executed required notification. *See* Plaintiff's Exhibit A.

An attorney is entitled to rely on a client's factual claims as long as those claims are objectively reasonable. *Calloway v. Marvel Entertainment Group, Div. of Cadence Industries Corp.,* 854 F.2d 1452 (2nd Cir.1988), *cert. denied,* 489 U.S. 1009, 109 S.Ct. 1116, 103 L.Ed.2d 179 (1989). Creative legal advocacy is more to be commended than censured.[1] Furthermore, plaintiff's authority supported a position that notification of acceptance can be an essential term of a contract. *See Lon-*

*doff v. Conrad,* 749 S.W.2d 463 (Mo.App. 1988); *Thacker v. Massman Construction Co.,* 247 S.W.2d 623 (Mo.1952). Even though this court found that notice was not essential in this case and that the argument was rather far-fetched, it was within reason for counsel to contend otherwise. Simply because plaintiff made a losing argument does not justify the imposition of sanctions.

■ In ruling on defendant's motion to dismiss, the court concluded that Missouri law prevented the plaintiff from stating a conversion claim for amounts owing under a contract. Although Missouri courts generally prohibit the recovery of a general debt under a conversion theory, *State ex rel. Ranni Associates v. Hartenbach,* 742 S.W.2d 134 (Mo. banc 1987), an exception is recognized when funds are delivered into the hands of another for a specific application and are later misappropriated and diverted to a different purpose. *Hall v. W.L. Brady Investments, Inc.,* 684 S.W.2d 379 (Mo.App.1984). In its original complaint plaintiff did not allege that it placed funds into defendant's hands to be specifically applied as insurance premiums on behalf of the insured. Plaintiff did allege that defendant converted monies rightfully due plaintiff and that such conversion amounted to a tort which had consequences in Missouri. As a general rule, that a tort has consequences in Missouri is sufficient to establish jurisdiction under the long-arm statute. *Institutional Marketing Associates, Ltd. v. Golden State Strawberries, Inc.,* 747 F.2d 448 (8th Cir.1984).

Defendant argues that it is clear plaintiff's counsel did no independent research on the law of conversion in Missouri, otherwise he would have recognized that the facts as pleaded did not support personal jurisdiction. Defendant contends that counsel's neglect is exemplified by his request for case law on conversion—he would not have made such a request had he examined the law on his own. Had counsel examined the law prior to filing the complaint, he could have argued the facts as

---

1. Clients expect their attorneys to battle for their interests, and this not infrequently re-

quires advancing contentions that might rate a "D" in an academic setting.

falling under the exception at that time, rather than waiting until the case had been dismissed to attempt to file an amended complaint. Furthermore, argues defendant, as the court expressed doubt that the facts warranted the application of the exception, for plaintiff to argue the exception is sanctionable activity.

■ The court disagrees with defendant's contentions. Simply because plaintiff's attorney requested defense counsel to delineate case law on conversion does not necessarily mean that he did no research of his own, and had no preexisting knowledge about the law of conversion. It is probable that the attorney was merely asking defendant if its position could be supported. Moreover, that plaintiff did not originally plead the exception does not automatically lead to the conclusion that its counsel was not aware of the exception. In his response to defendant's list of authorities on conversion, plaintiff's counsel indicated that he believed the exception applied. In the opposition to the motion to dismiss, plaintiff relied on *Scott v. Twin City State Bank*, 537 S.W.2d 641 (Mo.App.1976), a case where plaintiff placed unearned premiums in defendant's hands to be specifically applied to an insurance contract. Although the facts in that case are distinguishable from those at hand,[2] the court does not find that it was sanctionable error for plaintiff's counsel to rely on this case. Plaintiff's conversion theory was its weaker one, in my judgment, but I am unpersuaded that sanctions should be awarded. The entire pleading must normally be frivolous in order to justify Rule 11 sanctions—they will generally not be awarded if only one argument in support of the pleading is tainted or nearly so. *Burull v. First National Bank of Minneapolis*, 831 F.2d 788, 789–

790 (8th Cir.1987), *cert. denied, Arthur Young and Co. v. Burull*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). Even if the court were convinced that sanctions should issue for the conversion count, because the contract count was plausible, the entire pleading cannot be deemed to be frivolous and defendant makes no effort to evaluate its work on the conversion issue alone.[3]

A wide range of reasonableness is tolerated in an attorney's representation of a client. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also, Airline Pilots Association, Int'l v. O'Neill*, — U.S. —, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (likening union's duty of representing its members to an attorney's duty to its client). The existing case law pertaining to an attorney's internal duties relating to clients has considerable bearing on the standards used in appraising the reasonableness of performance, vis a vis the court and the opposing party.

If losing arguments were frequently treated as sanctionable, the American Rule against fee-shifting would be deeply undercut and the practice of law would be needlessly complicated. Plaintiff's counsel has exhibited enough of a general understanding of the law and arguable points so that his conduct can be deemed reasonable. Accordingly, it is hereby

ORDERED that defendant's motion for sanctions is DENIED.

---

2. For example, in this case plaintiff did not place the funds directly into defendant's hands but into those of a third party. Although plaintiff claimed the third party was an agent of defendant's, the third party was also authorized to accept benefits on behalf of two other insurance companies. Furthermore, in *Scott*, plaintiff delivered funds to be used specifically for insurance premiums on her car; in this case the funds were not delivered for any purpose relative to plaintiff.

3. It may be useful to note that true legal garbage most frequently is found in meritless counts, as in *Burull*; it is counterintuitive to expect that motions for reconsideration, as in this case, contain anything more reprehensible than grasping at straws. This cannot be condemned as unreasonable conduct.