**In re Christine A. RAGAR, Debtor.**

**Bankruptcy No. 91–41490M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

April 15, 1992.

Robert J. Brown, former Atty., Little Rock, Ark., for debtor.

A.L. Tenney, N. Little Rock, Ark., Chapter 13 Trustee.

ORDER

JAMES G. MIXON, Bankruptcy Judge.

On June 19, 1991, Christine A. Ragar (the debtor) filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The law firm of Crockett & Brown, P.A., was listed on the petition as the debtor's attorney of record. The debtor's chapter 13 plan disclosed a prepetition transfer of property from the debtor to Crockett & Brown, P.A., as follows:

> The debtor transferred property she owned in trust to Crockett & Brown, P.A., undersigned counsel, in February of 1991 on condition that counsel's fees on general retainer be paid therefrom and the balance held to the use and benefit of her general creditors. The interest of Crockett & Brown, P.A., is preserved in this plan.

The property transferred to Crockett & Brown, P.A. is valued in the schedules at $100,000.00. The schedules prepared by Crockett & Brown, P.A., list Crockett & Brown, P.A., as a prepetition secured creditor with a claim of $10,771.39.

On August 6, 1991, A.L. Tenney, the standing chapter 13 trustee, filed a motion to remove Crockett and Brown, P.A., as attorneys in this case because of alleged conflicts of interest. On August 19, 1991, the Court issued an order to show cause why Crockett & Brown, P.A., should not be disqualified from representing the debtor because of alleged conflicts of interest and to show cause why the case should not be converted to a case under chapter 7.

On September 11, 1991, after notice and a hearing, the Court granted the motion to remove Crockett & Brown, P.A., as attorney for the debtor and converted this case to chapter 7. The order disqualifying Crockett & Brown, P.A., from representing the debtor was entered on September 11, 1991, and provided as follows:

ORDER

On September 9, 1991, a hearing was held pursuant to the Court's order to show cause why Crockett & Brown, P.A.,

should not be disqualified from representing the debtor in this case. For the reasons stated in open court, the Court finds that Crockett & Brown, P.A., are disqualified from representing the debtor in this case.

IT IS SO ORDERED.

The Court's oral ruling was as follows:

Let me address first on the issue of whether or not Mr. Brown or Crockett & Brown should be removed as attorneys. I think without question that they were ineligible from the very start to be attorneys for this Chapter 13 debtor.       .

The duties of a Chapter 13 debtor are not clearly set out in the Bankruptcy Code nor are the duties of the Chapter 13 trustee. The debtor is specifically granted duties—authority to sell under the sections dealing with the sale and lease of property exclusive of the trustee. The trustee is given duties of administration except duties to reduce the property of the estate to cash, which would include all the avoiding powers. The practice around here is whatever avoiding power actions are brought by the debtor who remains in possession rather than the Chapter 13 trustee. The Chapter 13 trustee acts as administrator of the plan. And the case law upholds that. That that [sic] is a duty authorized by Chapter 13.

Any time an attorney representing a debtor—I don't care if it's a chapter 7, 13, 11, 12—ends up with title to property of the estate, I don't care if it's a straight-out deed, quitclaim deed or trust deed, but where it is admittedly property of the estate, my judgment is you're just disqualified from representing the debtor. You're involved in the case, you're a potential defendant, you're a potential defendant by your client's husband's trustee. You're a potential defendant by a non-disinterested attorney representing your own client to set that trust aside for the benefit of all the creditors.

Secondly, you're claiming a secured claim or interest in this trust res, which I have grave reservations whether your secured claim could stand up or any equitable claim could stand up against the powers of a debtor in possession under Section 544. And you also have the conflict of being require[d] to sue to try to set aside under 544 the claim of the debtor's mother, the debtor's sister, all of which is just impossible to do.

So Crockett & Brown should never have been part of this case from the beginning. In my judgment, should never have become the trustee of this Shackelford property.

(Record at 18–20). No motion for stay of the order disqualifying Crockett & Brown, P.A., has been filed nor has a stay been entered.

Notwithstanding this Court's disqualification order, Robert J. Brown, Esq., (Brown) an attorney with the law firm of Crockett & Brown, P.A., continued to represent the debtor. The following pleadings were filed by Brown on behalf of the debtor after the entry of the disqualification order:

September 23, 1991: Notice of Appeal from order converting case to chapter 7 in Case No. 91–41490M

October 3, 1991: Designation of record regarding order converting case to chapter 7 in Case No. 91–41490M

October 21, 1991: Rule 12 motion to dismiss on behalf of debtor in AP 91–4167

October 30, 1991: Demand for jury trial on behalf of debtor in AP 91–4167

October 31, 1991: Motion to alter or amend judgment in CMS 91–1292 and supporting brief

On November 14, 1991, Brown was ordered to appear and show cause why he should not be held in civil and/or criminal contempt for representing and continuing to represent the debtor notwithstanding this Court's order of disqualification. The Court took the matter under advisement.

## DISCUSSION

When ordered to show cause why he should not be held in contempt, Brown offered the following testimony:

MR. BROWN: Your Honor, your order of September the 11th, 1990—1991— recites that I'm not to represent Mrs.

Ragar any further in a Chapter 13 proceeding. You then proceeded to convert that to a Chapter 7 proceeding. And that's the order to which you make reference, is it not?

THE COURT: Yes, sir. That order.

MR. BROWN: I will decline to further respond, based upon your allegations of criminal contempt, my belief of the lack of jurisdiction of the Court, and my right to remain silent in the face of an accusation of criminal misconduct which could lead to a period of confinement under the laws of the United States. Invoking my rights under the Fifth Amendment.

THE COURT: All right. Anything else?

(No response.)

You may stand down.

(Witness excused.)

MR. BROWN: Thank you.

(Record at 8.)

Brown offers no explanation for his actions except his opinion that the order of disqualification did not apply to his subsequent representation of the debtor in a proceeding under a chapter different from chapter 13. Neither the written order nor the Court's oral ruling provides a basis for this opinion.

Crockett & Brown, P.A., was disqualified because it claimed to be a secured creditor of the debtor and placed itself in a position of becoming a defendant in a fraudulent conveyance suit along with its client.[1] By continuing to act as attorney on behalf of the debtor, Brown exhibited a contemptuous determination not to comply with this Court's order. If Brown believed the order of disqualification was erroneous, his remedy was by appeal, not deliberate disobedience. Until the court held the show cause hearing, Brown showed no indication that he would obey the court's order disqualifying him from representing the debtor.[2] Inappropriate conduct by this attorney has

been the subject of other proceedings against him in the Eighth Circuit.[3] For his unwarranted refusal to obey the Court's order of disqualification, Brown is found in criminal contempt and is assessed a fine in the sum of $950.00.

The Bankruptcy Clerk shall forthwith serve a copy of this order of contempt on Brown. This order of contempt shall become effective as a final order ten days after service of the order on Brown unless, within the ten-day period, Brown serves and files with the bankruptcy clerk an objection to this order of contempt as provided by Federal Rule of Bankruptcy Procedure 9033(b).

If an objection is filed this Order shall be subject to review by the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033.

IT IS SO ORDERED.

**1.** Brown is now a defendant in AP 91–4167 along with the debtor and her husband Don Ragar.

**2.** Brown has not appeared in the case as attorney since the show cause hearing. Crockett & Brown, P.A., has appeared as a creditor of the estate.

**3.** *See Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219 (8th Cir.1987), (affirmed Rule 11 sanctions for filing frivolous pleadings) and *Buffington v. First Service Corp.,* 672 F.2d 687 (8th Cir.1982), (assessed double costs for filing frivolous appeal).