# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2092

_____

Ronald L. Lester,                              *
                                               *
                    Appellant,                 *
                                               *   Appeal from the United States
        v.                                     *   District Court for the Eastern
                                               *   District of Missouri.
Wildwood Financial Group, Ltd., a              *
Missouri Corporation; Robert D. Baker,         *        [UNPUBLISHED]
                                               *
                    Appellees.                 *

_____

Submitted:  January 13, 2000

Filed:  January 21, 2000

_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

        Wildwood Financial Group, Ltd. and its president, Robert D. Baker, (collectively Wildwood) provide seminars for people interested in starting equipment leasing businesses.  Ronald L. Lester entered into an Independent Contract Agreement with Wildwood to market the seminars and was paid on a commission basis.  When the relationship between Wildwood and Lester ended, Lester filed suit under the Fair Labor Standards Act (FLSA), claiming he was a Wildwood employee entitled to minimum wage and overtime compensation.  Lester moved for summary judgment and Wildwood

opposed his motion, arguing that Lester was not covered under the FLSA because he was an independent contractor. The district court found Lester was an independent contractor and granted summary judgment sua sponte to Wildwood. Lester appeals and we affirm.

Initially, we address both Lester's motion for leave to include in the joint appendix evidence not designated by the parties and Wildwood's motion to strike the same items. The record before the district court when it decided the summary judgment motion did not include the disputed items, which Lester later presented in support of his motion for reconsideration. The motion for reconsideration, however, cannot be used "to introduce new evidence that could have been adduced during pendency of the summary judgment motion." Concordia College Corp. v. W. R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993); accord National Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 n.5 (8th Cir. 1999). Accordingly, we grant Wildwood's motion to strike and do not consider any evidence not before the district court when it decided the summary judgment motion.

On appeal, Lester first claims the district court could not grant summary judgment sua sponte to Wildwood because Wildwood did not move for summary judgment based on Lester's independent contractor status. Contrary to Lester's view, we have held that sua sponte summary judgment is proper where the "'party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted.'" Madewell v. Downs, 68 F.3d 1030, 1048 (8th Cir. 1995) (citation omitted). Because Lester "initially moved the district court to rule on [his employment status] on a summary judgment basis[,] . . . and [made] no showing that [h]e was not afforded a full and fair opportunity to develop the record [to address Wildwood's independent contractor argument]," Johnson v. Bismarck Public School Dist., 949 F.2d 1000, 1005 (8th Cir. 1991), we conclude the district court properly granted summary judgment sua sponte to Wildwood.

Lester next claims the district court improperly considered the Independent Contractor Agreement in determining that Lester was not an employee. We disagree. Although contract language is not solely determinative of employment status, see McComb v. McKay, 164 F.2d 40, 49 (8th Cir. 1947), the district court could properly consider the language as one "circumstance[] of the whole activity." Id. at 48; Birchem v. Knights of Columbus, 116 F.3d 310, 313 (8th Cir. 1997) (listing contract language as a factor supporting existence of independent contractor relationship under common law of agency).

Finally, Lester contends the district court's factual findings concerning the nature of the relationship between Lester and Wildwood did not support its conclusion that Lester was an independent contractor. Having carefully reviewed the record and the parties' briefs, we conclude the district court's analysis was supported by its factual findings and we affirm for the reasons set forth in its thorough opinion. See Berger Transfer & Storage v. Central States, Southeast and Southwest Areas Pension Fund, 85 F.3d 1374, 1378 (8th Cir. 1996) (standard of review).

We thus affirm the district court's grant of summary judgment sua sponte to Wildwood. We deny both parties' requests for sanctions because we cannot "'conclude with certainty that [either party] acted vexatiously or in bad faith'" in preparing the appendix on appeal. Burull v. First Nat. Bank, 831 F.2d 788, 790 (8th Cir. 1987) (citation omitted).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-