CLARK, Chief Judge:
 

 Nancy Lee Walden is a co-guarantor of a debt to Bright Products, Inc. incurred by The Idea Factory, Inc., a Texas corporation owned by Walden’s ex-husband and co-guarantor, Frank Walden. On May 24, 1984 the Waldens were divorced and the divorce judgment ordered a sale of real property owned by the parties, from which proceeds Mrs. Walden was to recover sixty percent.
 

 The next day Bright Products initiated an involuntary bankruptcy proceeding against Mrs. Walden, alleging Walden was “generally not paying her debts as they become due as indicated by the failure to pay petitioner.” The petition was filed pursuant to 11 U.S.C. § 303(b)(1) and (2) which provides:
 

 (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
 

 (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
 

 (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims.
 

 Walden contested the petition by filing an answer denying the amount of the alleged debt and affirmatively alleging that the debt was contingent and that she was generally paying her debts as they became
 
 *1122
 
 due. She also plead by amendment that on the date of filing she had more than twelve creditors. She added a counterclaim, asserting that the petition was brought in bad faith which entitled her to judgment against Bright Products for costs, attorney’s fees, and actual and punitive damages proximately caused by the filing. These costs and damages are authorized by 11 U.S.C. § 303(i) which provides:
 

 (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
 

 (a) against the petitioners and in favor of the debtor for—
 

 (A) costs;
 

 (B) a reasonable attorney’s fees; or
 

 (C) any damages proximately caused by the taking of possession of the debtor’s property by a trustee appointed under subsection (1) of this section 1104 of this title; or
 

 (2) against any petitioner that filed the petition in bad faith, for—
 

 (A) any damages proximately caused by such filing; or
 

 (B) punitive damages.
 

 Walden also requested an immediate hearing and demanded a jury trial on her counterclaim. The bankruptcy court returned the cause to the district court where Walden moved for leave to amend the answer and counterclaim she had filed in the bankruptcy court to convert the claim against the attorney for Bright Products as “counter-defendant” to a claim against said counsel as a third-party defendant. Pursuant to a reference by the district judge, the case was heard by a United States magistrate who recommended that the involuntary petition be dismissed for failure to state a claim upon which relief could be granted. 11 U.S.C. § 303(h)(1). The magistrate found that Bright Products was not eligible to act as sole petitioning creditor since Walden had more than twelve creditors on the date the petition was filed, and further, that the petition was filed in bad faith because the creditor filed its petition without investigating Walden’s financial condition. In addition, he recommended, without stated reasons, that Walden’s “motion for leave to file a counterclaim and third-party complaint be denied.”
 

 The district court conducted a de novo review of the magistrate’s report and adopted its findings and recommendations with one modification. The court concluded that the creditor did not file its petition in bad faith because it relied solely on counsel to collect the debt. In the course of adopting the magistrate’s recommendation of denial of leave to file a third-party action against the creditor’s attorney, the court stated that there was no bad faith on the part of the creditor’s attorney since he was merely trying to collect an acknowledged debt. Walden appeals the dismissal of her counterclaim, the denial of her motion for leave to amend her pleadings, and the denial of her right to a jury trial on the issue of bad faith, and seeks a trial on the merits of the issues raised in her counterclaim and proposed third-party complaint.
 

 Walden’s motion for leave to file an amended answer, counterclaim and third-party complaint, although styled as such, actually sought authority to file an amended answer, and to amend her counterclaim to include a third-party complaint. In her original answer and counterclaim, she mistakenly identified Lawrence Beck, attorney for creditor, as a counter-defendant. She intended that he be aligned as a third-party defendant. This motion for leave to amend is clearly subject to the liberal provisions of Fed.R.Civ.P. 15 providing that leave shall be “freely given when justice so requires.”
 

 The record in this case is not adequate to permit proper appellate review. No basis is stated for the magistrate’s decision, notwithstanding his finding of bad faith, to disallow the proposed amendment to the answer and counterclaim, nor is any reason given for the court’s decision that the creditor’s attorney should not be held responsible for what it assumed to be a lack of investigation prior to filing the involuntary
 
 *1123
 
 petition. If the creditor did merely rely on his counsel to collect the debt, the onus is on the attorney to investigate the debtor’s financial position
 
 prior
 
 to filing an involuntary petition in bankruptcy. An allegation of bankruptcy invokes remedies not available to any ordinary debt collection procedures. It should not be invoked unadvisedly and contrary to statutory right.
 

 Both the magistrate and the district court may have premised their decisions on the Bankruptcy Code. The court’s decision to insulate the creditor’s attorney from § 303(i)(2) liability for failure to investigate could derive from that section’s language which might be read to authorize judgment under the statute only against offending petitioners. The magistrate may have dismissed the counterclaim and denied leave to amend the answer and counterclaim by asserting a third-party complaint because Bankr.Rule 1011(d) prohibits the assertion of a claim against a petitioning creditor in the debtor’s answer, unless the claim defeats the petition. This provision adopts the position taken in a Fifth Circuit decision,
 
 Georgia Jewelers, Inc. v. Bulova Watch Co.,
 
 302 F.2d 362, 369-70 (5th Cir. 1962). However, in light of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and the power of the district court to consolidate actions, the question of whether the analysis that case employed is as persuasive today as the rule it promotes is one that has not been resolved.
 

 ■ Because we cannot discern the basis for the court’s decision, we remand the case with directions to the district court to make the findings and state the conclusions necessary to permit proper appellate review of its adoption of the magistrate’s decision to disallow the counterclaim and its denial of leave to amend. The district court is further directed to supplement the record on appeal with its findings. At that time, the court will dispose of the entire appeal. This court retains jurisdiction for all other purposes.
 

 REMANDED WITH DIRECTIONS.