### In re Bobby and Leyon BRATTON, Debtors.

**Bobby BRATTON, Plaintiff,**

v.

**MITCHELL, WILLIAMS, SELIG, JACKSON & TUCKER; and Charles Darwin Davidson; Davidson Law Firm, Ltd., Defendants.**

**Bobby BRATTON, Plaintiff,**

v.

**MITCHELL, WILLIAMS, SELIG, JACKSON & TUCKER; and Charles D. Davidson, and Bibler Brothers, Inc., Defendants.**

**Bankruptcy No. HA 84–47M.**
**Adv. Nos. 89–98M, 89–3506M.**

United States Bankruptcy Court,
W.D. Arkansas,
Harrison Division.

Aug. 2, 1990.

Art Dodrill, Little Rock, Ark., for debtors.

Richard D. Taylor, Little Rock, Ark., for trustee and trustee's Law Firm.

Charles D. Davidson, Little Rock, Ark., Trustee.

James L. Glover, Little Rock, Ark., for Mitchell Law Firm.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

### BACKGROUND

On December 7, 1988, Hon. Art Dodrill (Dodrill), on behalf of the debtor, Bobby Bratton (Bratton), filed a complaint in the United States District Court for the Eastern District of Arkansas, Western Division, against his former bankruptcy attorneys, Mitchell, Williams, Selig, Jackson & Tucker (Mitchell Law Firm). The complaint alleged that the Mitchell Law Firm was guilty of malpractice, negligence, and conflict of interest in the conduct of Bratton's bankruptcy case, and the complaint sought damages in the sum of $15,184,571. On February 3, 1989, the Mitchell Law Firm filed an answer to the complaint and alleged, among other things, that the district court lacked subject matter jurisdiction. On February 24, 1989, Dodrill filed a motion in district court requesting permission to amend his complaint to add Charles D. Davidson (Davidson) and the Davidson Law Firm, Ltd. (Davidson Law Firm) as party defendants. On March 23, 1989, the district court entered an order pursuant to 28 U.S.C. § 157 and Local Rule 32, referring the civil action to the bankruptcy court for the Western District of Arkansas, Harrison Division (AP 89–98M).

On March 31, 1989, the Mitchell Law Firm filed a motion in the bankruptcy court to dismiss the complaint for lack of subject matter jurisdiction and lack of standing. On April 26, 1989, Dodrill filed a motion to dismiss the complaint against the Mitchell Law Firm, and on May 11, 1989, an order was entered by this Court granting the motion to dismiss as to the Mitchell Law Firm without prejudice.

On April 28, 1989, the bankruptcy court granted Dodrill's motion to amend his complaint to add Davidson and the Davidson Law Firm as defendants. On May 16, 1989, Davidson and the Davidson Law Firm filed a motion to dismiss the complaint as it pertained to them. A hearing on the motion to dismiss was held on June 6, 1989. The motion to dismiss was treated as a motion for summary judgment, and the parties were granted twenty days to file additional motions or affidavits in support of or in opposition to the motion for summary judgment. Davidson and the Davidson Law Firm filed timely affidavits; however, Dodrill did not file any affidavits. On September 11, 1989, the Court entered an order granting summary judgment in favor of Davidson and the Davidson Law Firm. No appeal of the September 11, 1989, order was ever perfected.

On March 3, 1989, Dodrill, on behalf of Bratton, filed a motion to remove Davidson as trustee. Dodrill accused Davidson of fraud and of committing waste. The motion to remove the trustee was tried on the merits on August 30, 1989. At the trial, Dodrill produced no evidence of fraud, waste, or any misconduct by Davidson or the Davidson Law Firm. At the conclusion of Dodrill's case in chief, the Court granted a motion for directed verdict in favor of Davidson and the Davidson Law Firm. No appeal was prosecuted from the order granting the directed verdict.

On October 18, 1989, Dodrill, on behalf of Bratton, filed another complaint in this Court against Davidson, the Mitchell Law Firm, and Bibler Brothers, Inc. (AP 89–3506M). The allegations against Davidson and the Mitchell Law Firm were as follows:

2. Mitchell, Williams, Selig, Jackson & Tucker (hereinafter Mitchell Firm) without notice to Bratton obtained a stay in said Chancery case. Said stay was unnecessary and was done with the conscious intent to prevent Bratton from recovering his damages in E–80–103.

3. Because of the Mitchell Firm's refusal to file a plan in Bratton's Chapter 11 proceeding, Charles Darwin Davidson was appointed trustee. Davidson refused Bratton's demand that he pursue the above mentioned cause of action.

4. Because of the aforementioned wrongful conduct on the part of the Mitchell Firm and Charles Darwin Davidson, Bratton has been damaged in the amount of $158,903.65. Damages, interest, and treble damages thereon.

All three defendants filed motions to dismiss. At the hearing scheduled for the motions, Dodrill moved to dismiss his complaint against all three defendants, and Dodrill's motion was granted.

On May 16, 1989, Davidson and the Davidson Law Firm filed a motion for sanctions in AP 89–98M against Dodrill and Bratton for their alleged violations of Bankruptcy Rule 9011. On November 7, 1989, Davidson filed a similar motion for sanctions in AP 89–3506M against Dodrill and Bratton. On November 22, 1989, the Mitchell Law Firm also filed a motion for sanctions in AP 89–3506 against Dodrill and Bratton for their alleged violation of Bankruptcy Rule 9011. A hearing was held on the three motions for sanctions.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## DISCUSSION

In order to deter the abusive filing of lawsuits, the Supreme Court has promulgated Bankruptcy Rule 9011. Rule 9011(a) states:

(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 requires responsible behavior on the part of litigators. "[Rule 9011] require[s] an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system. Subjective good faith is not the issue; generally, Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." *Featherston v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598–99 (1st Cir.

1988). An attorney has "a duty to ascertain the facts and review the law to determine whether the facts fit within a recognized entitlement to relief or defense." *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943, 949 (Bankr.N.D.Ill.1988). "[Rule 9011] is in part a quality control mechanism, mandating a *minimal* level of competence from the participants in the litigation process." *Park National Bank of St. Louis Park v. Whitney (In re Whitney)*, 107 B.R. 645, 653 (Bankr.D.Minn.1989).

■ Since December 1988, Dodrill and Bratton have made numerous allegations of fraud, malpractice, and dishonesty against Davidson, the Davidson Law Firm, and the Mitchell Law Firm. Several hearings have been held on the various motions and complaints, however, Dodrill has not presented any credible evidence to support any of his allegations. Dodrill's evidence consisted primarily of Bratton's testimony which was nothing more than a rambling diatribe about his bankruptcy case. Like his counsel, Bratton is unable to comprehend bankruptcy rules and procedures. Due to their frustration, anger, and ignorance, both Dodrill and Bratton incorrectly assumed that Davidson, the Davidson Law Firm, and the Mitchell Law Firm were guilty of various acts of misconduct. The evidence, however, reveals no acts of misconduct.

At the February 12, 1990, hearing on the motion for sanctions, Dodrill stated his reason for filing the most recent lawsuit:

THE COURT: You mean, you agree with Mr. Glover's opening remarks that the real reason you filed this complaint for fraud and damages and treble damages is that you wanted a clarification of the order of abandonment?

DODRILL: That's all, Your Honor. It was nothing more than my frustration throughout this whole time. Because this Court and—this Court spends its full time, as do these men, working in bankruptcy. I know nothing whatever about bankruptcy. Was a complete neophyte and especially what was baffling, Your Honor, was being transferred into this court. I tried to withdraw

from the case but Bratton had no one else. I am thoroughly incompetent in bankruptcy court and have no business being in here and if I get out with my skin, I will certainly never cross your path again in anything like this.

Record at 285–86.

The complaint accusing Davidson and the Davidson Law Firm of malpractice, negligence, and conflict of interest was resolved on a motion for summary judgment in favor of the defendants because Dodrill did not even attempt to introduce any evidence supporting his allegations. The motion to remove the trustee for committing fraud and waste was resolved against Dodrill on a motion for directed verdict because Dodrill presented no evidence supporting his allegations. The complaint against Davidson, the Mitchell Law Firm, and Bibler Brothers, Inc., was dismissed by Dodrill before a trial could be conducted. At the hearing on the motion for sanctions Dodrill offered no justification for filing these groundless actions against members of the bar. There was testimony at the hearing on sanctions that Dodrill was aware that his accusations lacked merit. Mr. Stephen Gershner, a member of the Davidson Law Firm, testified on direct examination, in part, as follows:

Q: And do you remember, recall to the Court, basically what the allegations concerned.

A: Essentially Mr. Bratton, through his attorney Mr. Dodrill, was suing Mr. Davidson and the Davidson Law Firm alleging negligence and fraud in the context of his serving as trustee and becoming appointed trustee in the case.

. . . .

Q: Did you have occasion to discuss with Mr. Dodrill his filing of the suit and such as that?

A: I have had several occasions to discuss it. On one particular occasion, I don't recall the date offhand, but the date is referenced in an affidavit that was attached to the Motion for Summary Judgment that we filed, Mr. Dodrill—and I don't know how the conver-

sation, telephone conversation, started—but Mr. Dodrill candidly stated that he knew of no facts to support any of his allegations against Mr. Davidson or the Davidson Firm on any matter that was proceeding in bankruptcy court. He went on to state that his lawsuit was essentially a shot in the dark and he felt that he could produce some evidence if he was allowed to engage in discovery long enough. This is a paraphrase, but this was essentially the extent of our conversation.

Record at 42–44.

The Court finds that Dodrill and Bratton have been irresponsible in their behavior before this Court. They have failed to review the law to determine whether the facts are relevant to support entitlement to the relief being sought. Additionally, Dodrill has continuously displayed a complete lack of competence in the practice of bankruptcy law. The conduct of Dodrill and Bratton is inexcusable, and unquestionably warrants the imposition of sanctions.

When imposing sanctions under Rule 9011, the bankruptcy court may award reasonable attorney's fees against the party abusing the judicial process. *See Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219, 1222 (8th Cir.1987) ("[A] bankruptcy court has jurisdiction under Bankruptcy Rule 9011 to assess attorney's fees as sanctions against attorneys who fail to comply with the rule."). *See also Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14 (Bankr. 9th Cir.1988).

Davidson, the Davidson Law Firm, and the Mitchell Law Firm at the hearing on sanctions presented evidence as to the amount of attorney's fees with no meaningful proof being offered to contradict these amounts. Davidson, the Davidson Law Firm, and the Mitchell Law Firm also gave testimony that additional attorney's fees had accrued in preparation for the hearing on the motion for sanctions. The Court requested Davidson, the Davidson Law Firm, and the Mitchell Law Firm to file affidavits reflecting these additional charges which are now before the Court.

## CONCLUSION

The motions for sanctions are granted in favor of Davidson and the Davidson Law Firm [1] in the amount of $19,261.43 and in favor of the Mitchell Law Firm in the amount of $8,987.93. These awards for damages include the additional time spent by Davidson, the Davidson Law Firm, and the Mitchell Law Firm in preparing for and attending the hearing on the motion for sanctions.

Dodrill and Bratton are granted twenty (20) days from the entry of this memorandum opinion in which to file an objection to the additional attorney's fees. If an objection is filed, a hearing will be set on the objection. If no objection is filed, the Court will enter a judgment consistent with this memorandum opinion. The awards for damages shall be rendered against Dodrill and Bratton, jointly and severally.

IT IS SO ORDERED.

---

1. The evidence of attorney's fees was not separated according to the representation of Davidson and the Davidson Law Firm; therefore, the award of damages for Davidson and the Davidson Law Firm is combined as a total amount of $19,261.43.