**SENECA RESOURCES CORPORATION, et al., Plaintiffs,**

v.

**Shearn MOODY, Jr., et al., Defendants.**

**In re Shearn MOODY, Jr., Debtor.**

Civ. A. Nos. H-85-1023, H-85-1045 and H-86-2314.

United States District Court, S.D. Texas, Houston Division.

May 22, 1991.

See also 105 B.R. 368.

E.H. Patton, Jr., Vinson & Elkins, Houston, Tex., for Seneca.

Robert Maley, Houston, Tex., for Empire Life.

Ben Floyd, Houston, Tex., for David Smith.

David C. Unger, Paul Solomon, Victoria, Tex., for Shearn Moody.

## MEMORANDUM AND ORDER

COBB, District Judge.

 On July 27, 1990, Judge Sim Lake signed an Order finding the debtor in this cause, Shearn Moody, Jr. (Moody), had violated Fed.R.Civ.P. 11 (Rule 11). Once a violation of Rule 11 has been found, sanctions must be imposed. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988). Judge Lake requested that Chief Judge Charles Clark of the United States Court of Appeals for the Fifth Circuit designate a judge from outside the Southern District of Texas to determine the appropriate sanctions. Chief Judge Clark designated this court.[1] This court has reviewed extensive documentation in this case, and heard oral argument. This court now ORDERS sanctions in the amount of two hundred sixty-four thousand, seven hundred ninety-five dollars ($264,795.00) be imposed against Shearn Moody, Jr., to be paid into the registry of the court.

First, the trustee of the bankruptcy estate in the underlying case has incurred $6,062.50 in attorneys' fees and $5,972.50 in costs relating to the motions to recuse. (Trustee's Ex. 5.) The contents of those motions are the basis for Judge Lake's imposition of sanctions.

Second, based on a review of the docket sheet and minutes of the various courts that have been involved in these motions to recuse, this court estimates Judge Lake and other judges expended approximately 284 hours reviewing and ruling upon the motions to recuse. According to the District Clerk's Office of the Southern District of Texas, operating expenses per judge in that district were $1,843,437.00 per year.[2] Assuming the courts operate 2,080 hours per year, this is an expense of approximately $890.00 per hour. Therefore, the courts incurred $252,760.00 in dealing with Moody's frivolous motions to recuse.

 Accordingly, sanctions in the total amount of $264,795.00 are appropriate. A litigant who files patently frivolous motions should expect to pay a penalty equal to at least the costs incurred by those who must deal with those motions. The Southern District of Texas, like all federal courts, is greatly overburdened. In 1990, the district had 816 pending cases per judge, with a median time from issue to trial for civil cases of 23 months. It is a tremendous strain to add to this volume frivolous motions such as those filed in this case. Judge Lake has ordered sanctions, and this court believes the sanctions today imposed sufficiently address this problem.

---

1. The Honorable Howell Cobb, Eastern District of Texas, sitting by designation of Chief Judge Charles Clark of the United States Court of Appeals for the Fifth Circuit.

2. This figure is for FY 1988, the last year for which figures were available.