**In re CENTURY TILE AND MARBLE, INC., Debtor.**

**Bankruptcy No. 92–23983–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

March 29, 1993.

Stuart I. Levin, Miami, FL, for petitioning creditors.

Reggie D. Sanger, Fort Lauderdale, FL, for alleged debtor.

Joseph Balocco, Fort Lauderdale, FL.

*ORDER DENYING MOTION TO TAX FEES, COSTS AND ASSESS DAMAGES AGAINST THE PETITIONING CREDITORS; AND DIRECTING ATTORNEY FOR PETITIONING CREDITORS TO PAY FEES AND COSTS PURSUANT TO BANKRUPTCY RULE 9011*

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on December 9, 1992, upon a Motion to Tax Fees, Costs And Assess Damages Against The Petitioning Creditors ("the hearing"), filed by the debtor, Century Tile And Marble, Inc. The Court, having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following findings of fact and conclusions of law:

On September 9, 1992, an involuntary petition under Title 11 of the U.S.Code was filed against Century Tile And Marble, Inc. ("Century"), by Stuart Levin, counsel for the petitioning creditors, Ceramiche Gardenia–Orchidea, S.P.A., Ceramiche Refin, S.P.A., and Ceramica Polaris R.S.C, all of which are located in Italy.

Thereafter, on October 28, 1992, the Court dismissed the involuntary petition as the petition was not executed by the three petitioning creditors and, instead, was improperly signed by attorney Levin, as attorney-in-fact. In its dismissal order, the Court reserved jurisdiction over the parties to consider awarding costs, attorneys fees and damages.

As a result of the filing, Century asserts that it has been damaged, having incurred attorney's fees and costs in defense of the involuntary petition and also seeks punitive damages against the petitioning creditors based on a loss of sales, the disruption of Century's credit arrangements with various vendors and the rejection of a pending loan from a financial institution.

Century predicates its claim for attorney's fees, costs and damages on 11 U.S.C. § 303(i), which states:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) **against the petitioners** in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

[ (C) any damages proximately caused by the taking of possession of the debtor's property by a trustee appointed under subsection (g) of this section or section 1104 of this title; or]

(2) **against the petitioner** that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

(emphasis added).

In accord with the plain meaning of § 303(i), most courts find that this section only poses sanctions against the **petitioning creditors** who forced the alleged debtor into involuntary bankruptcy; however, several courts, including the Fifth Circuit, have broadened § 303(i) to include sanctioning attorneys who imprudently file an involuntary petition on the creditors' behalf:

If the creditor did merely rely on his counsel to collect the debt, the onus is on the attorney to investigate the debtor's financial position prior to filing an involuntary petition in bankruptcy. An allegation of bankruptcy invokes remedies not available to any ordinary debt collection procedures. It should not be invoked unadvisedly and contrary to statutory right.

*In re Walden*, 781 F.2d 1121, 1123 (5th Cir.1986).

In the case at bar, all three petitioning creditors consist of ceramic tile manufacturers and suppliers located in Italy. Aside from the fact that it would be procedurally difficult to sanction such creditors, they relied on attorney Levin, evidenced by the fact that he signed his name to the involuntary petition on the signature lines where the three petitioning creditors were to have signed, thereby investing Levin with the responsibility to pursue their claims properly.

Notwithstanding the persuasiveness of the *Walden* court's analysis of § 303(i) as it applies to the facts in this case, this Court finds that sanctions against attorney Levin are also justified via Bankruptcy Rule 9011.

■ The pertinent text of 9011 authorizes a court to *sua sponte* assess reasonable costs and attorney's fees against an attorney who signed his name to papers filed with the court, if such papers were filed for an "improper purpose." In the instant case, attorney Levin signed his name as counsel for the petitioning creditors on the involuntary petition and filed same with this Court. At the hearing, attorney Levin conceded that he used the bankruptcy court for an "improper purpose," namely, as a collection device in lieu of filing an action in state court:

... I felt that based upon past experience, ... when bills are not paid in the ordinary course, the best weapon to use is an involuntary bankruptcy petition, not state court....

*See* transcript from the hearing at page 59.

In response to this Court's fervent admonishment of attorney Levin utilizing the bankruptcy court as a collection agency instead of going to state court where collection claims are properly filed, Levin said:

... I apologize again to the Court, and your honor has my word that we will not use this type of device again, we will use the state court system where it should have belonged in the first place....

*See* transcript from the hearing at page 76.

In light of the aforementioned admissions by attorney Levin, that he signed and filed an involuntary petition against Century imprudently, and after the Court's evaluation as to the reasonableness of fees and costs incurred by Century in defending against the involuntary proceeding, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Century's Motion To Tax Fees, Costs And Assess Damages To Petitioning Creditors is denied.

2. Pursuant to Bankruptcy Rule 9011, this Court *sua sponte* directs Stuart Levin, attorney for the petitioning creditors, to pay a portion of Century's attorney's fees in the amount of $2,000.00 and pay costs in the amount of $100.00.

**DONE AND ORDERED.**