Aaron KEITER, Michael Easton, and
Laurie P. Easton, Appellants,

v.

James and Rhonda STRACKA, Appellees.

Civil Action No. H–94–2763.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 9, 1996.

Allan R. Lazor, Coselli & Lazor, Houston, TX, for Aaron Keiter.

L. Katherine Scardino, Houston, TX, for Michael Easton and Laurie Easton.

Michael Easton, Houston, TX, pro se.

Laurie Easton, Houston, TX, pro se.

J. Thomas Black, John Edward Maher, Houston, TX, for Appellees James Stracka and Rhonda Stracka.

M.A. Mickey Mills, Schlanger, Mills, Mayer & Grossberg, Houston, TX, pro se.

Robbye R. Waldron, Trustee, [COR LD NTC] Waldron & Schneider, Houston, TX, Trustee.

## AMENDED ORDER [1]

HITTNER, District Judge.

This is an appeal from the bankruptcy court. In the proceedings below, Michael and Laurie Easton ("the Eastons"), appellants, filed an involuntary bankruptcy petition against James and Rhonda Stracka ("the Strackas"), appellees. Upon motion by the Strackas, United States Bankruptcy Judge William Greendyke vacated the order for relief and retained the case for an additional period to consider the propriety of awarding damages and sanctions against the Eastons and their lawyer, Aaron Keiter ("Keiter"), also an appellant. Hearings concerning the issue of damages and sanctions were held before the bankruptcy court on March 2, April 15, and April 22, 1994. The bankruptcy court, pursuant to 11 U.S.C. § 303(i) and Bankruptcy Rule 9011 respectively, imposed damages against the Eastons jointly and severally and sanctions against Keiter.[2] Specifically, the Eastons were ordered to pay a total amount of $92,602.96, consisting of: $15,581.00 for the increased foreclosure deficiency; $650.00 for the increased credit cost of the Strackas' leased vehicle; $25,586.72 for attorney's fees and expenses for the services of John Edward Maher; $785.24 for attorney's fees and expenses for the services of J. Thomas Black; $50,000.00 in punitive damages. Furthermore, the bankruptcy court ordered that all damages were to be paid at an interest rate of 5.28% per annum. Keiter was ordered to pay $26,371.96 at an interest rate of 5.28% per annum as sanctions and to write a letter of apology to the appellees.

Both the Eastons and Keiter separately appeal several issues on the imposition of damages and sanctions against them. This Court affirms in all respects.

### I. Facts

In 1989, the Eastons leased residential property in Fort Bend County, Texas from the Strackas. The lease terminated in late 1990, and thereafter the Eastons remained on the premises as tenants-at-will. From 1983 to 1993, the Strackas owned the relevant property subject to a mortgage from Shearson, Lehman, Hutton Mortgage Company. The Strackas contend that for over three years the Eastons did not pay rent on the property.

In 1992, the Strackas gave written notice to the Eastons to vacate the property. The Eastons assert that they had a lease/purchase option agreement with the Strackas, which the Strackas deny. This disagreement

---

1. On February 5, 1996, this Court entered an order in the above-referenced cause affirming the judgment of the bankruptcy court. The instant order supersedes the February 5, 1996 order in all respects.

2. *In re Stracka*, Bankr. No. 93–42636–H4–7, Order, June 2nd, 1994 (amended June 24, 1994).

eventually led to a state court eviction proceeding, and then to a title proceeding. While the title dispute proceeded in state court, Shearson, Lehman instituted foreclosure proceedings on the property in November 1992. The foreclosure was instituted because the Strackas failed to pay their obligations under the mortgage. The Strackas allege that the foreclosure resulted from the Eastons' failure to pay rent on the property. The property was posted for foreclosure on April 6, 1993.

On April 5, 1993 one day before the foreclosure of the disputed property, the Eastons, through attorney Keiter, filed an involuntary bankruptcy petition against the Strackas. As a result of the petition, the foreclosure was stayed. In filing the bankruptcy petition, the Eastons claimed to have a judgment lien against the Strackas in the amount of $25,250.00, which the Strackas strenuously deny.

Arguing that the Eastons improperly placed them in involuntary bankruptcy, the Strackas filed motions in the bankruptcy court seeking damages against the Eastons for bad faith and perjury under 11 U.S.C. § 303(i)(1) and (2) (1995). The Strackas also filed motions seeking sanctions against Keiter under Bankruptcy Rule 9011. After three days of hearings, the bankruptcy court granted the Strackas' motions, imposing damages against the Eastons and sanctions against Keiter.

Pursuant to Bankruptcy Rule 7052, Judge Greendyke found the following facts and made the following conclusions in support of his grant of damages and sanctions:

1) A finding of bad faith is necessary to support actual damages and punitive damages.

2) The Eastons filed their involuntary petition against the Strackas in order to collect on a debt; and as such, the Eastons' purpose was an improper use of the Bankruptcy Code.

3) The Easton's filed the involuntary petition to stop the mortgagor's foreclosure on the property.[3]

4) The Eastons did not have an enforceable debt against the Strackas, or in the alternative, the debt was at most subject to dispute. Moreover, the Eastons had other remedies available at law which they failed to utilize to recover the alleged debt.

5) The Eastons never assessed whether the Strackas had other creditors.

6) The Eastons' actions in filing the involuntary petition were malicious and in bad faith.

7) A finding of malice is not necessary to support sanctions against Keiter under Bankruptcy Rule 9011.

8) Neither Keiter nor the Eastons attempted to settle the dispute with the Strackas before filing the involuntary petition.

9) Keiter failed to adequately investigate and research the causes of action against the Strackas.

## II. Standard of Review

Both the imposition of sanctions under Bankruptcy Rule 9011 and damages under 11 U.S.C. § 303(i) are discretionary with the bankruptcy court. Thus, this Court reviews such determinations pursuant to an "abuse of discretion" standard. *Perkins Coie v. Sadkin*, 36 F.3d 473, 475 (5th Cir.1994); *In re Nordbrock*, 772 F.2d 397, 400 (8th Cir. 1985). Conclusions of law are reviewed de novo. *Perkins*, 36 F.3d at 475.

## III. Appellant Keiter's Points of Error

### Keiter: ISSUE # 1

**Did the Bankruptcy Court Err in Applying Bankruptcy Rule 9011 Instead of Federal Civil Procedure Rule 11?**

Keiter asserts that the bankruptcy court should have applied Federal Rule of Civil Procedure 11 when imposing sanctions against him. Specifically, Keiter argues that Rule 11 impliedly repealed Bankruptcy Rule

---

**3.** The judge didn't actually determine if Mr. Easton knew about the foreclosure, but he stated that Mr. Easton "knew that it was a problem on the horizon that was going to come up." *Transcript, Apr. 22, 1994, at 238.*

9011. However, the Federal Rules of Civil Procedure stipulate that they do not generally apply to bankruptcy proceedings: "These rules ... do not apply to proceedings in Bankruptcy ..., except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." FED.R.CIV.PROC. 81(a)(1). This Court concludes that the bankruptcy court acted properly in applying Bankruptcy Rule 9011 rather than Federal Rule of Civil Procedure Rule 11 in imposing sanctions against Keiter.

### Keiter: ISSUE # 2

**Did the Bankruptcy Court Err in Ruling That Keiter's Actions Violated Bankruptcy Rule 9011 and Were Thus Sanctionable?**

Bankruptcy Rule 9011 states in relevant part that documents signed and filed with the bankruptcy court "constitute[ ] a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation or administration of the case." Bankruptcy Rule 9011(a).

■ In the instant case, the bankruptcy court found that the involuntary petition was filed by Keiter for an improper purpose in violation of Rule 9011. Ample findings were made by the bankruptcy court in support of this conclusion, as noted in the above Statement of Facts. First, the court found that the involuntary petition was filed for an impermissible purpose—to collect on an alleged debt against the Strackas. The court also found that other appropriate legal avenues for collection were available but had not been pursued. Second, the court found that the debt was not enforceable against the Strackas; or at most, that it was subject to reasonable dispute. Third, the court found that the filing of the petition was not motivated to

ensure an equitable distribution to creditors. Fourth, the court found that Keiter and the Eastons made no attempt to adduce the existence of other creditors of the Strackas. Fifth, the court found that the involuntary petition was filed as an attempt to forestall the foreclosure.

The findings support the conclusion that the involuntary petition was filed for an improper purpose which could be punished by sanctions under Rule 9011. Therefore, the bankruptcy court did not abuse its discretion in issuing sanctions pursuant to Bankruptcy Rule 9011. *See, e.g., Landon v. Hunt,* 977 F.2d 829 (3rd Cir.1992) (Rule 9011 sanctions against attorney are appropriate when involuntary petition is filed and creditor had no bona fide debt against the debtor); *In re Oakley Custom Homes,* 168 B.R. 232 (Bankr. D.Colo.1994) (Rule 9011 sanctions against attorney appropriate when involuntary petition is filed but amount of debt is disputed); *In re Century Tile & Marble, Inc.,* 152 B.R. 688 (Bankr.S.D.Fla.1993) (Rule 9011 sanctions against attorney appropriate when involuntary petition is filed for sole purpose of collecting on a debt); *In re Kearney,* 121 B.R. 642 (Bankr.M.D.Fla.1990) (Rule 9011 sanctions against attorney appropriate when involuntary petition was filed without inquiry into number of creditors in single creditor case, because a reasonable inquiry would have revealed that the debtor had more than twelve creditors, making filing improper); *In re Fox Island Square Partnership,* 106 B.R. 962, 969–70 (Bankr.N.D.Ill.1989) (Rule 9011 sanctions against attorney appropriate when involuntary petition is filed for purpose of stalling a foreclosure).

■ As an additional ground for imposing sanctions under Rule 9011, the bankruptcy court concluded that Keiter failed to adequately investigate and research the basis for filing the involuntary petition against the Strackas. Keiter argues that he adequately researched the propriety of filing the involuntary petition. Specifically, Keiter claims that prior to filing the petition, he reviewed *In re Sims* and concluded that he had con-

ducted adequate research. 994 F.2d 210 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 702, 126 L.Ed.2d 669 (1994).[4] A review of *Sims* shows that it is inapposite and does not support Keiter's argument that he acted properly in filing the petition. Furthermore, while Keiter is correct in asserting that an attorney need not provide an absolute guarantee of the correctness of his research, he must certify that he has conducted a reasonable inquiry into relevant law. *Smith v. Our Lady of the Lake Hospital, Inc.*, 960 F.2d 439, 444 (5th Cir.1992). Here, Keiter asserts only that he relied on *Sims*, which, as aforementioned, is not applicable. Thus, it was not an abuse of discretion for the bankruptcy court to conclude that Keiter's research on filing the involuntary petition was insufficient.

■ Keiter further argues that the bankruptcy court erred by not setting forth its reasons for imposing sanctions on Keiter for his failure to research. Keiter cites *Federal Deposit Ins. Corp. v. Calhoun* in support of his argument that the bankruptcy court failed to specify the basis for imposing sanctions. 34 F.3d 1291 (5th Cir.1994).[5] In contrast to *Calhoun*, where the district court failed to adequately state its reasons for sanctions, the bankruptcy court's findings in this case were made after three days of hearings. At the end of the hearings, the bankruptcy court issued specific findings in support of its order of sanctions. Although the bankruptcy court did not expressly state which legal issues Keiter failed to research, the court did focus on Keiter's failure to make a claim against the Strackas through methods other than the involuntary petition and his failure to assess the presence of other creditors. Thus, the bankruptcy court sufficiently outlined the reasons for imposing sanctions and those reasons are adequately supported by the record.

**Keiter: ISSUE # 3**

**Did the Bankruptcy Court Err in Failing to Allow Keiter to Testify Regarding the Failure of the Strackas to Mitigate their Damages?**

■ Keiter contends that the bankruptcy court should have allowed him to put on evidence at the sanctions hearing concerning the Strackas' failure to mitigate their damages. Specifically, Keiter wanted to testify that by notifying the Credit Bureau of the dismissal of the involuntary petition, the Strackas could have restored their good credit standing. However, Keiter cites no law in support of his argument on mitigation. Furthermore, the bankruptcy court's decision not to consider the issue of mitigation of damages is not an abuse of discretion. *See, e.g., In re Film Ventures Int'l, Inc.*, 89 B.R. 80, 86 (9th Cir. BAP 1988) (failure of debtor to mitigate damages is only a factor to consider, and Rule 9011 sanctions may still be imposed despite failure to mitigate); *In re Omega Trust*, 120 B.R. 265, 270–71 (S.D.N.Y. 1990) (listing sixteen factors that a court can consider when determining the appropriateness of sanctions under Rule 9011; failure of debtor to mitigate damages is one factor). Accordingly, Keiter's claim that the bankruptcy court erred by refusing evidence on mitigation is meritless.

**Keiter: ISSUE # 4**

**Did the Bankruptcy Court Err in Measuring the Amount of Sanctions by Referring to the Strackas' Attorney's Fees?**

■ Keiter next asserts that the sanctions award was improperly based on the legal fees spent by the Strackas. Keiter relies on *In re Omega Trust* in support of his argument. 120 B.R. at 271. However, contrary to Keiter's contention, *Omega's* pronouncement of the purpose of Rule 9011 does not stand for the wholesale proposition that a sanction of attorney's fees is an abuse of

---

4. In *Sims*, the court held that an attorney did not act in bad faith when he filed an involuntary bankruptcy petition. The court specifically found that the attorney did not act with malice, and that the attorney made a reasonable inquiry into the facts and the law prior to filing the petition. 994 F.2d at 222.

5. In *Calhoun*, the Fifth Circuit reversed an order of sanctions because the district court failed to sufficiently identify and explain what factual or legal grounds provided the basis for Rule 11 sanctions. 34 F.3d at 1297.

discretion. Rather, case law overwhelmingly supports an award of attorney's fees under Rule 9011. *See, e.g., In re Arkansas Communities, Inc.,* 827 F.2d 1219 (8th Cir.1987); *In re Alberto,* 119 B.R. 985 (Bankr.N.D.Ill. 1990); *In re Bratton,* 119 B.R. 166 (Bankr. W.D.Ark.1990); *In re Walden,* 14 Bankr.Ct. Dec. (CRR) 399 (W.D.Tex.1986); *In re East Coral, Inc.,* 54 B.R. 1009 (Bankr.C.D.Cal. 1985); *In re Glaser,* 49 B.R. 1015 (S.D.N.Y. 1985). Accordingly, the bankruptcy court did not abuse its discretion in basing the appropriate sanction on the amount of the Strackas' attorney's fees.

## Keiter: ISSUE # 5

### Did the Bankruptcy Court Err in Not Imposing the Minimum Sanctions Necessary to Deter the Alleged Improper Conduct?

Keiter contends that the bankruptcy court abused its discretion by imposing a sanction of attorney's fees rather than requiring the minimum sanction of a letter of apology. Keiter correctly notes that the purpose of Bankruptcy Rule 9011 is to award the minimal sanction that will properly deter an attorney's wrongful conduct. *See, e.g., In re Cedar Tide Corp.,* 164 B.R. 808, 818 (E.D.N.Y.1994); *In re Rainbow Magazine, Inc.,* 136 B.R. 545, 555 (9th Cir. BAP 1992); *In re Eighty South Lake, Inc.,* 63 B.R. 501, 510–11 (Bankr.C.D.Cal.1986), *aff'd,* 81 B.R. 580 (Bankr.9th Cir.1987). It is within the bankruptcy court's discretion to determine a proper sanction. *See Rainbow, Eighty South Lake, supra.*

The Court finds no abuse of discretion under the facts of this case. The bankruptcy court was reasonable in determining that a sanction of attorney's fees against Keiter would act as a proper deterrent. As already noted, the filing of the involuntary petition was done with an improper purpose and without adequate research. The result was that the Strackas incurred, amongst other expenses, attorney's fees. Accordingly, the sanction of attorney's fees was proper. *See Seneca Resources Corp. v. Moody,* 135 B.R. 260, 261 (S.D.Tex.1991) ("A litigant who files patently frivolous motions should expect to pay a penalty equal to at least the costs incurred by those who must deal with the motions.").

## Keiter: ISSUE # 6

### Did the Bankruptcy Court Err in Failing to Consider What Effect Monetary Sanctions Would Have on Keiter?

Keiter's final contention is that the bankruptcy court should considered Keiter's ability to pay the $26,371.96 sanction imposed on him. Again, Keiter cites no law in support of this proposition. However, it is true that the ability of a Rule 9011 violator to pay may be a proper factor in a court's determination of sanctions. *See, e.g., In re Omega Trust,* 120 B.R. at 270–71 (listing ability to pay as one of sixteen factors to consider). However, this Court has found no cases which stand for the proposition that the Court must sua sponte determine the violator's ability to pay. Although ability to pay may be considered as a factor, the bankruptcy court found that Keiter's actions were sanctionable. Furthermore, a survey of the case law on attorney sanctions under Rule 9011 shows that awards of this magnitude have routinely been upheld. *See, e.g., In re Arkansas Communities, Inc.,* 827 F.2d 1219 (8th Cir.1987) ($16,033.10 sanction upheld); *In re Bratton,* 119 B.R. 166 (Bankr.W.D.Ark. 1990) (approximately $28,000 award upheld against two attorneys); *In re East Coral, Inc.,* 54 B.R. 1009 (Bankr.C.D.Cal.1985) ($30,000 award upheld). Thus, this Court finds that the bankruptcy court did not abuse its discretion in ordering sanctions of $26,-371.96.

## IV. Appellants Eastons' Points of Error

## Eastons: ISSUE # 1

### Did the Bankruptcy Court Err in Failing to Dismiss Laurie P. Easton?

Appellant Laurie Easton asserts that damages were inappropriately assessed against her and that her motion to dismiss the imposition of damages should have been granted.

Ms. Easton first contends that the bankruptcy court erred in imposing damages against her based on her failure to give

notice to the Strackas about their purported debt before filing the involuntary petition. However, after reviewing the record, this Court finds that the bankruptcy court placed little emphasis on the issue of pre-filing notice in determining whether to impose damages against the Eastons. Therefore, Ms. Easton's reliance on the issue of notice is misplaced. The bankruptcy court did, however, find that the Eastons did not have an enforceable debt against the Strackas, or in the alternative that the debt was disputed. Because filing an involuntary petition that is based merely on a disputed debt is grounds for damages under section 303(i) of the Bankruptcy Code,[6] the imposition of damages against Ms. Easton was proper.

 Ms. Easton also contends that she was a passive participant in any wrongdoing in this case. She argues that the underlying dispute was between Mr. Easton, the Strackas, and Mr. Keiter. She also contends that in signing the involuntary petition, she was merely following the advice of her lawyer, Mr. Keiter, and that she otherwise knew nothing about whether filing the involuntary petition was proper.

Despite her contentions, the bankruptcy court specifically found that Ms. Easton and her husband acted with malice in filing the involuntary petition. The court supported this conclusion by finding that the purpose of the Eastons in filing their involuntary petition against the Strackas was to collect on a disputed debt and to forestall foreclosure on the property. The bankruptcy court's conclusion, reached after three days of hearings, was not an abuse of discretion. Furthermore, since the court found that Ms. Easton acted with malice, her alleged reliance on her counsel's advice does not insulate her from liability under section 303(i): "Where the involuntary petition is motivated by ill will or malice, reliance upon counsel advice will not preclude a finding of bad faith on the part of the petitioner." *In re Reveley*, 148 B.R. 398, 408 (Bankr.S.D.N.Y.1992) (citing *In re Advance Press & Litho, Inc.*, 46 B.R. 700

(D.Colo.1984)). Accordingly, the damages imposed against Ms. Easton are proper.

### Eastons: ISSUE # 2

**Did the Bankruptcy Court Err in Imposing Damages against the Eastons After Finding that the Strackas had no Actual Damages?**

 The Eastons assert that the Strackas' evidence of damages was too speculative to support the bankruptcy court's imposition of damages. In support of this contention, they note that the bankruptcy court, at the conclusion of the sanctions hearing and after setting forth its findings of fact and conclusions of law, found that the Strackas' evidence of damages was "not credible." Transcript, Apr. 22, 1994, at 239. Moreover, the Eastons assert that "damages must be established with a reasonable degree of certainty; there can be no recovery for damages which are speculative in nature and/or conjectural." *Richter, S.A. v. Bank of Am. Nat. Trust & Sav. Ass'n*, 939 F.2d 1176 (5th Cir.1991).

While the Eastons correctly state the law, the record establishes that the damage award was not speculative. The Eastons read the bankruptcy court's statement out of context. While it is true that the bankruptcy court found the evidence of damages "speculative" and "not credible," the court specifically noted that damages had occurred in this case and that the main issue was quantifying the damages. Transcript, Apr. 22, 1994, at 240. Accordingly, the court deferred making its final decision on damages until after the hearing. After outlining basic guidelines concerning damages, the court asked John Maher, the Strackas' attorney, to prepare an order on damages and to supply supporting affidavits. *Id.* at 246. The bankruptcy court also asked the Eastons and their lawyer, Gary Riebschlager, and Keiter's attorney, Allan Lazor, to submit additional proposed findings of fact if they wished. *Id.* The bankruptcy court considered the post-hear-

---

6. "[T]he court shall order relief against the debtor in an involuntary case …, only if (1) the debtor is generally not paying [its] debts as such debts become due *unless such debts are the subject of a bona fide dispute*.… 11 U.S.C. § 303(h) (1995) (emphasis added); *see also* 11 U.S.C. § 303(i) (allowing damages if a petition is dismissed by the court under this section other than by consents of all petitioners and the debtor).

ing submissions and then issued its ruling on the proper level of damages.

This Court emphasizes that the assessment of damages under section 303(i) is discretionary with the bankruptcy court. *In re Nordbrock*, 772 F.2d 397 (8th Cir.1985). Thus, this Court finds that the damages were not speculative or conjectural, as they were properly based on the post-hearing affidavits and were specifically outlined in the bankruptcy court's order.

### Eastons: ISSUE # 3

**Did the Bankruptcy Court Err in Overruling Two of the Eastons' Affirmative Defenses: Good Faith and Res Judicata?**

 Ms. Easton argues that she filed the involuntary petition in good faith, and therefore the bankruptcy court erred in imposing sanctions on her. Specifically, she asserts that she had a legitimate claim against the Strackas at the time of filing based on the Strackas' attempts to sue her in state court for malicious prosecution stemming from the filing of the involuntary petition. Ms. Easton asserts that the Strackas' malicious prosecution suit was barred in state court by the statute of limitations and was dismissed. Since the malicious prosecution suit was dismissed, Ms. Easton argues that she was sued frivolously, and therefore had a valid, good faith claim against the Strackas when she filed the involuntary petition.

To sustain an action under Texas law for malicious prosecution, plaintiff must prove that the lawsuit in question was filed without probable cause. *Ross v. Arkwright Mutual Ins. Co.*, 892 S.W.2d 119, 128 (Tex.App.—Houston [14th Dist.] 1994, no writ). The mere fact that the Strackas filed their state court civil suit against the Eastons after the expiration of the statute of limitations, without more, does not warrant the conclusion that the suit was filed without probable cause. Thus, Ms. Easton's claim is without merit.

 The Eastons next assert that based on the doctrine of res judicata, the bankruptcy court erred in imposing sanctions against them. In support of their contention, they note that the Strackas brought a state court action against them for malicious prosecution concerning the filing of the involuntary petition. The state court found this claim "without merit" and rendered a take nothing order, dated May 23, 1994, one month before the bankruptcy court's order imposing damages on June 23, 1994. The state court enunciated no factual or legal conclusions in support of its order. Thus, the Eastons argue that because the state court dismissed the Stracka's malicious prosecution claim against them, the doctrine of res judicata barred the bankruptcy court's imposition of sanctions on them for the same conduct.

Under res judicata, "a final judgment on the merits bars further claims by parties ... based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (citations omitted). The court finds that an action for malicious prosecution and a motion for damages under section 303(i) are different causes of actions. Furthermore, it is logical that the state court rendered its decision only on the basis of malicious prosecution since the state court does not have jurisdiction over section 303(i) claims. *See* 48 TEX.JUR.3D *Judgments* § 358 (1995) (noting that to apply res judicata, it is fundamental that the prior judgment on which the res judicata defense is based was rendered by a court with jurisdiction over the claim, and citing Texas cases); COLLIER ON BANKRUPTCY para. 303.39 (1995). Thus, this Court finds that the Easton's res judicata argument is meritless and the imposition of damages pursuant to 303(i) was proper.

### Eastons: ISSUE # 4

**Did the Bankruptcy Court Err in Finding that the Eastons filed the Petition in Order to Stop a State Court Action?**

 The Eastons next contend that the bankruptcy court was "clearly erroneous" in finding that the Eastons filed the involuntary petition to stall the foreclosure on the property. The bankruptcy court's finding is reviewed for an abuse of discretion.

 Before the court entered its finding that the petition was filed in order to avoid

the foreclosure on the property, the court heard testimony on the issue of sanctions for three days. Supporting the bankruptcy court's finding is the fact that the Eastons filed the involuntary petition only one day before the scheduled foreclosure on the property. Furthermore, the bankruptcy court noted that "[Mr. Easton] knew that it was a problem on the horizon that was going to come up." Transcript, Apr. 22, 1994, at 238. This Court finds that the bankruptcy court's ruling was not an abuse of discretion.

## Eastons: ISSUE # 5

**Did the Bankruptcy Court Err in Holding the Eastons Liable to a Greater Extent than Keiter?**

The Eastons next argue that they cannot be held liable to an extent greater than appellant Keiter. They also protest that because Bankruptcy Rule 9011 sanctions assessed against Keiter were inappropriate, they also should not be sanctioned. This Court is not persuaded by either argument.

Section 303(i) is only enforceable against a party, not a party's attorney, and allows for fee shifting as well as punitive damages. *In re Walden*, 787 F.2d 174, 174 (5th Cir.1986); *see also* 11 U.S.C. § 303(i)(2)(B) (1995). However, Bankruptcy Rule 9011 is meant to deter attorney misconduct, and may result in sanctions which are less than the damages suffered by the aggrieved party. *Midwest Prop. No. Two v. Big Hill Investment Co.*, 93 B.R. 357, 364 (N.D.Tex.1988). The differences between Rule 9011 sanctions and damage awards under section 303(i) are well explained in *In re Int'l Mobile Advertising Corp.*:

> "There are clearly similarities between the standards utilized to measure 'improper purpose' under R. 9011 and those to measure 'bad faith' under § 303(i)(2),.... However one difference between R. 9011 and § 303(i) is that § 303(i) is clearly a fee shifting statute, while R. 9011 is not. Therefore, the sanctions provided under R. 9011 may be different and of lesser finan-

cial impact than damages awarded under § 303(i)."

117 B.R. 154, 158–59 n. 1 (Bankr.E.D.Pa. 1990) (citations omitted). Thus, it was not error for the bankruptcy court to sanction the Eastons to a greater extent than their lawyer.

As to the Eastons' arguments that sanctions against Keiter under Rule 9011 are improper, the Court's discussion *supra* addressing Keiter's appeal establishes that sanctions were proper against him. Thus, the argument that because sanctions were improper against Keiter, damages against the Eastons were also improper, is meritless.

## Eastons: ISSUE # 6

**Did the Bankruptcy Court Err in Failing to Grant the Eastons' Cross Motion for Rule 9011 Sanctions Against John Maher, the Strackas Attorney?** [7]

The Eastons allege that the bankruptcy court erred in failing to grant sanctions against John Maher, the Strackas' attorney. The bankruptcy court denied the Eastons' Rule 9011 cross motion for sanctions on June 7, 1994. The Eastons assert that the Strackas' response to this motion was "insufficient" and "vituperative." Accordingly, the Eastons argue that the Strackas' insufficient reply to the Eastons' motion for sanctions against Maher violated the local rules and warranted Rule 9011 sanctions. They further assert that the bankruptcy court effectively granted Maher "immunity" from Rule 9011 sanctions by holding Maher to a different standard than Keiter.

The imposition of Rule 9011 sanctions is discretionary with the bankruptcy court. *Midwest Prop. No. Two v. Big Hill Investment Co.*, 93 B.R. 357, 361 (N.D.Tex.1988) (citing *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 877–78 (5th Cir.1988)). Furthermore, the failure to respond to a Rule 11 motion for sanctions may itself be grounds for sanctions. *Geller v. Randi*, 40 F.3d 1300, 1304 (D.C.Cir.1994). This Court does not find the failure to impose sanctions on Maher to be an abuse of

---

7. In their brief the Eastons also address in their sixth point of error the issue of perjury. Because this Court sees the perjury issue as completely separate from the issue that is addressed in this section, this Court addresses the perjury issue under Issue # 7 *infra*.

discretion. There is no evidence to support an order of sanctions against Maher. However, the bankruptcy court's imposition of sanctions against Keiter is amply supported by evidence in the record. Thus, the Easton's argument that Keiter was held to a higher standard by the court is without merit.

**Eastons: ISSUE # 7**

**Did the Bankruptcy Court Err in Awarding Damages Under Section 303(i) on the Basis of Perjury?**

Although the Eastons' final allegation is not clear, they appear to argue that the bankruptcy court erred by basing its award of damages on a finding that the Eastons committed perjury.

The Eastons cite *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), for the proposition that damages cannot flow from an allegation of perjury in a civil case. However, the Eastons' argument is meritless since it is not adequately supported by the record in this case. There is no evidence in the record that the bankruptcy court awarded damages because the Eastons committed perjury. Instead, as this Court has already stated, the primary basis for the award of damages under section 303(i) was the bankruptcy court's finding that the Eastons acted in bad faith when they filed the involuntary petition. Accordingly, the Eastons' perjury arguments must fail.

### V. Conclusion

After reviewing the record, the applicable law, and the appellants' points of error, this Court concludes that none of the bankruptcy court's factual findings constituted an abuse of discretion. Furthermore, the bankruptcy court's conclusions of law were proper. Accordingly, the bankruptcy court's judgment is in all respects AFFIRMED.